For Clerk's Office Use

| Judge | Rec'd |
|-------|-------|
| TC    |       |

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTICT
OF VIRGINIA

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983**

Anne l Cartagena  #1078842
Plaintiff full name                          Inmate No.

v.                    CIVIL ACTION NO. 721CV00539-TC

Alley Lovell, T. Dowell, B. Kenade, Kilbourne, Dr. Haynes, Harold W.
Defendant(s) full name(s)

Clarke, David Robinson, Eric Madsen, Carl Manis

***

A. Current facility and address: Marion Correctional Treatment Center
110 Wright St, Marion, VA 24354

B. Where did this action take place? River North Correctional Center

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes    ✓ No

If your answer to A is Yes, answer the following:

1. Court: _____

2. Case Number: _____

D. Have you filed any grievances regarding the facts of this complaint?

✓ Yes    _____ No

1. If your answer is Yes, indicate the result:

I exhausted all institutional remedies that were made available.

2. If your answer is No, indicate why:

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____
_____
_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

_____
_____
_____

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Everything is explained in graphical details of the complaint I written.

G. If this case goes to trial do you request a trial by jury? Yes ✓ No ____

H. If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 10/13/21.          SIGNATURE: Angel Cardoona

VERIFICATION:
I, Angel Cardoona, #1078842_____, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 10/13/21.          SIGNATURE: Angel Cardoona

In The United States District Court
Western District Court of Virginia
Roanoke Division

## Motion To File A Complaint Under Civil Rights Act 42 U.S.C. § 1983.

Angel Cartagena
    Plaintiff
V.
Alley Lovell, T. Dowell,
B. Honode, Haynes, Kilbourne,
H. Clarke, D. Robinson, E. Madsen,
C. Manis,    Defendant(s)
Individual and official capacities

### I. Jurisdiction And Venue

1- This is a civil action pursuant to 42 U.S.C. § 1983 to redress violations under color of state law; and deprivations of rights secured by the Supreme laws of the land, the United States Constitution of America. This Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202 and injunctive relief claims are sought and authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedures. Action also arises under the Americans With Disability Act and the Rehabilitation Act of 1973.

2- The Western District of Virginia is appropriate Venue under 28 U.S.C. Section (b)(2) because it is where the events giving rise to these claims occurred.

## II. Plaintiff

3- Plaintiff Angel Cartagena was as the time mentioned herein in this action an offender of the state of Virginia in the custody of the Virginia Department of Corrections. He is currently being held at Marion Correctional Treatment Center, in Marion, Virginia.

## III. Defendant(s)

4- The Defendants are natural citizens of the Commonwealth of Virginia and were/are at the time of the events alleged herein employee's of same acting under color of state law. Defendant Alley Lovell, the Director of all Secure Diversionary Treatment Program units within the whole state of Virginia, who is in charge of Plaintiff's care and safety, inter alia. Defendant T. Dowell, who is the unit manager of the S.D.T.P. unit A-1, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant B. Konode, who is the Warden of River North Correctional Center, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant Kilbourne who is the Chief of housing and programming, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant Dr. Haynes who is the psychiatrist over the S.D.T.P. unit, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant H. Clarke, the Director of the Virginia Department of Corrections, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant David Robinson, C.C.O. of the Virginia Department of Corrections, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant Eric Madsen who is in charge of Institutional Classification, who is responsible for housing assignments/transfers of the mentally ill prisoners - as Plaintiff - as well as Plaintiff care and safety, inter alia. Defendant Carl Manis, who is the Regional Administrator of the Western Region, who with others, is charged with Plaintiff's care and safety, inter alia.

IV. Facts. Plaintiff has been diagnosed and hospitalized for serious mental illnesses since early childhood, since age of 12, although articulate, he suffers from serious mental illnesses ("S.M.I.") Medical records could verify his multiple commitments to mental hospital acute wards for the mentally ill. Plaintiff has a well lengthy documented history of suffering from serious mental disabilities and still continues to suffer do to his mental debilities and has been placed involuntarily by Defendant(s) mentioned herein in the (S)ecure Diversionary Treatment Program "(S.D.T.P.)" without a proper judicial order which is absolutely unlawful and unconstitutional. The (S)ecure Diversionary Treatment Program unit is a lisenced psychiatric unit funded by the Federal Government, but it's not being ran/correctly by institutional personnel known as the Multi-Institutional Treatment Team. Plaintiff states he is being detained unlawfully against his own will without a proper judicial order in a lisenced psychiatric unit titled "(Secure Diversionary Treatment Program)". On or about the month of Nov. 22, 2019, Plaintiff was detained in the S.D.T.P. unit by the V.A.D.O.C. with specific respects to the authority and approval by Defendant(s) Alley Lovell, Director of the S.D.T.P./I.D.T.P. and by Eric Madsen who's in charge of Central Classification/transfer assignments of the seriously mentally ill. Prior to after being admitted into detention in S.D.T.P., a lisenced psychiatric unit, by Defendant(s) herein who I have mentioned.

5- (1) Was not provided a judicial Due Process hearing for involuntary commitment after not giving consent for mental health treatment, care, services to be detained in (a) Secure psychiatric unit (2) Provided the notice or right to appeal the detention; (3) Provided the right to attend, make testimony, defend, or provide witnesses against detention; and (4) allowed and denied the opportunity to not participate in mental health treatment, care, and safety. Plaintiff states that being detained in a lisenced psychiatric

unit was not part of his "Sentencing Order" by the Circuit Court that penalized Plaintiff for alleged convicted criminal convictions; nor has any other post-conviction order been issued by any General, Circuit, or Federal Court(s) for involuntary commitment for or sound professional recommendations for detention in a (S)ecure lisence(d) psychiatric facility or unit.

6- At all times mentioned herein; the Defendant(s) Alley Lovell, Director of the S.D.T.P. units of VA.D.O.C., T. Dowell, Unit Manager, of S.D.T.P. unit, B. Konode, Warden of River North Correctional Center, Dr. Haynes, psychiatrist of the S.D.T.P. unit, Kilbourne, Chief of housing and programming, H. Clarke, Director of VA.D.O.C., David Robinson, C.C.O. of the VA. D.O.C., Eric Madsen, charged with institutional classification/ transfers, Carl Manis, Regional Administrator for the Western District were put on constructive notice of Plaintiff providing Defendant(s) mentioned herein (60) sixty days to remedy these violations with Due Diligence under color of state law to release Plaintiff from detention of the (S)ecure Diversionary Treatment Program unit into a general population setting which is less restrictive environment which would be deemed appropriate and suitable for Plaintiff's health and safety, but to no avail, failed to do so.

7- All Defendant(s) mentioned herein have actual knowledge of Plaintiff's lengthy well documented history of suffering from "(SMI)". Plaintiff's diagnosed with inter alia, Borderline Personality Disorder, Anti-Social Personality Disorder, Schizo-Affective Disorder, Schizophrenia, Bipolar Disorder Type II. All of these mental health disorders are actual diagnosis's by sound professional psychiatrists and since the age of (12) twelve has been on psychotropic medicines for his serious mental disabilities.

8- Despite Plaintiff's lengthy and well documented history of suffering from serious mental illnesses "(SMI)," Defendant(s) had placed Plaintiff in one of the most restrictive units within the VA.D.O.C. which is extremely deleterious; which put him in substantial risk of mental deterioration. Being isolated for (18) months and (5) days was very

insalubrious to Plaintiff's mental health and safety.

9- Pursuant to State and Federal policies and regulations, including those set forth and outlined by the Joint Commission Accreditation of Health Care Organization "(JJC)" of which (S)ecure Diversionary Treatment Program claims to be compliant with to maintain it's "accreditation" status to continue to receive Federal funding.

10- Moreover, Isolation is a form of bodily restraint. The Plaintiff was isolated for a period of (18) months and (5) days exact under harsh conditions of isolation, and sensory deprivation. Such circumstances were devastating to Plaintiff. Lacking physical and social points of reference to ground Plaintiff and others like him into reality itself. Seriously mentally ill offenders are deprived of things such as personal property. Limiting to (4) phone calls a month. Virginia D.O.C. states that the S.D.T.P. units are a general population, but in the VA. Operating Procedures 830.5, it's states that S.D.T.P. is a restrictive housing unit. In order to be admitted within the S.D.T.P. unit one must be diagnosed with "(SMI)", but according to D.O.C. policy, those with "(SMI)" can not be housed in isolation no more than (28) days. In this program offenders are never unrestrained, unless offenders are within their cells. Anytime offenders come out their cells, they are fully stripped searched and then placed in handcuffs with a dog leash attached to them and also placed in shackles, then escorted by (2) officers at all times. Anytime offenders come out their cells for programming, which is within the designated area within the pod, offenders are then handcuffed and shackled to tables called (S)ecured chairs. Whenever offenders have outside recreation, offenders are caged in segregation recreation cages. If offenders get sent to medical, the offender is handcuffed and shackled, with a dog leash attached to handcuffs, then to be escorted by (2) officers under segregation restrictive movement. Offenders within the (S)ecure Diversion Treatment Program unit can not be anywhere near other offenders outside

the S.D.T.P. unit. Offenders are not allowed to attend religious services, this was before the epidemic began. Offenders are not even allowed to have jobs.

## V. Legal Claims.

11- Plaintiff's right to exercise his religion is being denied do to being detained within the S.D.T.P. unit unlawfully under the First (1)st Amendment of the U.S. Constitution, it's every citizens right to practice their faith freely. To prohibit Plaintiff to not allow him to exercise his faith is truely a violation of his Civil Rights. All Defendant(s) enlisted in the above styled case was fully aware of this, but failed to remedy this issue while being illegally detained in S.D.T.P. Defendant(s) Alley Lovell, T. Dowell, B. Kanode, Dr. Haynes, Kilbourne, Carl Manis, Eric Madsen, H. Clarke, D. Robinson acted or failed to act under color of state and are sued in their individual and official capacities.

12- Defendant(s) acts and omissions establishes a cause of action under 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

13- Plaintiff has been harmed physically and psychologically by the unnecessary use of bodily restraints by keeping Plaintiff in isolation for (18) months straight within the (S)ecure Diversion Treatment Program unit which is a form of cruel and unusual punishment; a violation of the Eighth (8)th Amendment of the U.S. Constitution and a violation of Liberty Interests enshrined under the Fourteenth (14)th Amendment of the U.S. Constitution.

14- At all times relevant to the allegations mentioned herein, the Defendant(s) failed to provide the less restrictive environment such as a general population setting. The (S)ecure Diversion Treatment Program unit imposes to many restrictions, limiting access to daily activities and limiting personal property.

15- Defendant Dr. Haynes (Psychiatrist of the S.D.T.P. unit) failed to provide the less restrictive setting such as a general population. Dr. Haynes is fully aware of this, but continued deliberately and with malice intent

to provide adequate care in a less restrictive environment. Dr. Haynes decision to keep Plaintiff in the (S)ecure Diversionary Treatment Program unit without a proper judicial order is a violation of his Federal Due Process. This is not the product of a sound professional judgement, and exposed - and continues to expose - Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is a violation of his Eighth (8)th Amendment of the U.S. Constitution. As a result of said acts and omissions of Dr. Haynes, Plaintiff suffered grievous physical injuries, emotional distress and mental anguish, all attributable to Defendant Dr. Haynes violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth (8)th Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interest to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth (14)th Amendment of the U.S. Constitution. Dr. Haynes acts and omissions establishes a cause of action under the 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

16 - Defendant Carl Manis, the Regional Administrator over the Western Region is held liable for his subordinates actions of misconduct of injuring the Plaintiff's rights of the U.S. Constitution. Defendant Carl Manis plays a supervisory role over Defendant Alley Lovell, Director of all the (S)ecure Diversionary Treatment Program units with the Virginia Department of Corrections. Defendant(s) Carl Manis and Alley Lovell has continuously, consciously, and willfully opted to keep Plaintiff in the S.D.T.P. unit knowing fully well that they are in violation by keeping Plaintiff detained in a licensed psychiatric unit without a proper judicial order in violation of his Due Process Rights under the Fourteenth (14)th Amendment of the U.S. Constitution.

17- Defendant(s) Carl Manis and Alley Lovell's decision to continue to keep Plaintiff in the S.O.T.P. unit against his own will is not the product of a sound professional judgement, and exposed - and continue to expose - Plaintiff to extreme mental anguish and emotional distress which amounts to his total disregard to his health and safety. As of result of said acts and omissions of Defendant(s) Carl Manis and Alley Lovell, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, all attributable to Defendant(s) hereinmentioned violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth (8)th Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interest to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth (14)th Amendment of the U.S. Constitution.

18- Defendant(s) Carl Manis and Alley Lovell acted or failed to act under color of state law. Defendant(s) Carl Manis and Alley Lovell acts and omissions establishes a cause of action under 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

19- At all times mentioned, Defendant B. Konode, Warden over R.N.C.C. acted or failed to act under color of state law, so as to deny Plaintiff's treatment for serious mental health needs in a less restrictive setting such as a general population. Defendant B. Konode, is the head Warden at R.N.C.C. Knowing or quiescence in the unconstitutional behavior of his subordinates. All Defendant(s) such as Alley Lovell, T. Dowell, Dr. Haynes, Kilbourne who are of the Multi-Institutional Treatment Team persistently violated a statutory duty to inquire about such and to be responsible for preventing it; failure to train and supervise or an official acquiescence in the continued existence of prison conditions which themselves are so deleterious to Plaintiff that they amount to constitutional violation. Defendant B. Konode recklessly and with absolute disregard of his duties and

policies to permit and allow Defendant(s) Alley Lovell, T. Dowell, Dr. Haynes, and Kilbourne to perform their functions as members of the Multi-Institutional Treatment Team "(MITT)" as the overseers of all S.D.T.P. units, knowing fully well of the injuries of Plaintiff's Constitutional rights to keep Plaintiff continuously with total disregard in the S.D.T.P. unit without a proper judicial order is truely a violation of Plaintiff's Liberty Interest to be free from all forms of bodily restraints; Indeed, isolated him in a lisenced psychiatric unit or facility involuntarily without his consent, is truely unlawful. Defendant B. Konode is on constructive notice and has actual knowledge of Plaintiff's Constitution being violated

20 - As of result of acts and omissions of Defendant B. Konode, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to B. Konode violating Plaintiff's interest to be free from cruel and unusual punishment under the Eighth (8)th Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth (14)th Amendment of the U.S. Constitution.

21 - Defendant B. Konode acts and omissions establishes a cause of action under the 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

22 - Defendant(s) T. Dowell, Unit Manager of the S.D.T.P. unit of R.N.C.C. and Mr. Kilbourne, Chief of Housing and Programming are members of the Multi-Institutional Treatment Team, are responsible for Plaintiff's care and safety, but failed to provide the less restrictive environment such as a general population setting. Defendant(s) T. Dowell and Kilbourne are fully aware of this, but continue to deliberately and intentionally to not provide adequate care by keeping him housed in the S.D.T.P. unit against his own will. Defendant(s) T. Dowell and Kilbourne continue to keep Plaintiff in the S.D.T.P. unit without a proper judicial order which is a

violation of his Due Process Rights. This is not the product of a sound professional judgement, and exposed - and continue to expose - Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is an Eighth (8)th Amendment of the U.S. Constitution. Defendant(s) T. Dowell and Kilbourne were on constructive notice of this unlawful detention. As of results of acts and omissions of Defendant(s) T. Dowell and Kilbourne, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to T. Dowell and Kilbourne violations of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth (8)th Amend. violation of the U.S.C.A.; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional under the Fourteenth (14)th Amendment of the U.S.C.A.

23- Defendant(s) T. Dowell and Kilbourne acts and omissions constitutes a willful, reckless, and conscious disregard of Plaintiff's Constitutional Rights and safety, by which he is entitled to recover monetary relief in the form of compensatory and punitive damages under 42 U.S.C. Section 1983 action. Defendant(s) T. Dowell and Kilbourne failed to act or act under color of state law and are sued in their individual and official capacities.

24- At all times relevant to the allegations herein, Defendant Eric Madsen who is in charge of Central Classifications Services and transfers of all "(SMI)" offenders acted or failed to act under color of state law, so as to be deliberate indifference to Plaintiff's serious mental health needs, and consciously indifferent to his substantive Due Process Rights. Defendant Eric Madsen had Plaintiff sent to the (S)ecure Diversionary Treatment Program unit in R.N.C.C., was not the excercise of a professional judgement, caused Plaintiff significant bodily and psychological injuries, and constituted a callous deliberate indifference to his serious psychiatric needs in violation of the Eighth (8)th Amendment ban on cruel and unusual

punishment; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional to assure these interests under the Fourteenth (14)th Amendment of the U.S.C.A.

25- Defendant Eric Madsen's acts and omissions were done within the scope of his official employment, and was conduct that violated clearly established statutory or constitutional rights of which reasonable person whould have known. Defendant Eric Madsen acts and omissions establishes a cause of action under 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit. Defendant Eric Madsen failed to act or acted under color of state law and is being sued in his individual and official capacities.

26- At all times relevant to the allegations herein Defendant(s) Harold W. Clarke, Director of the VA.D.O.C. and David Robinson, C.C.O. of the VA.D.O.C. acted or failed to act under color of state law as to deliberate indifferent to Plaintiff serious mental health needs and consciously indifferent to his substantive Due Process Rights.

27- Defendant Harold W. Clarke, the Director of the VA.D.O.C., has duties under Title 53.1 of the Code of Virginia, to make policies and regulations for all jails and prisons in the VA.D.O.C., and accordance with state and federal Constitutional laws; is charged with inter alia, with oversight of prisons and prisoners care and safety.

28- Defendant David Robinson, C.C.O. of the VA.D.O.C. is vested with the duty to make and implement and enforce the VA. Dep't Operating Procedures of VA.D.O.C., and the policies and regulations generally in compliance with state and federal Constitutional law pertaining to treatment of prisoners, their care and safety.

29- Defendant(s) Clarke and Robinson's failure to make policies expressly prohibiting Plaintiff in detention in a lisenced psychiatric unit titled, "(S)ecure Diversionary Treatment Program", without a proper judicial order

where, Plaintiff is involuntarily housed without his consent. Defendant(s) Clarke and Robinson acts and omissions violated clearly established statutory or Constitutional rights of which a reasonable person such as a lay person would have known, and substantially departed from the accepted standards of sound professional judgement so as to violate Plaintiff's Eighth (8)th Amendment to be free from cruel and unusual punishment, and Plaintiff's Liberty Interests under the Fourteenth (14)th Amendment of the U.S.C.A. Mental illness is a form of disability and isolation that's unnessary of a disabled person is a form of discrimination on account of disability in violation of the American's With Disability Act "(A.D.A.)", and the Rehabilitation Act of 1973 "(R.A.)". All Defendant(s) mentioned herein discriminated against Plaintiff by subjecting him to unnessary isolation when treating professionals recommended treatment in a less restrictive setting-based on treatment, and such is denied. Plaintiff was held (18) months in a unlawful detention in the most restrictive (S)ecured psychiatric unit without a proper judicial order. Failure to remedy due diligently by placing him in a more suitable environment with less restrictions is truely unconstitutional. To be subjected constantly to cruel and unusual punishment from mental anguish and emotional distress is truely a callous deliberate indifference to his serious mental health needs. As of result of said acts and omissions of Defendant(s) Clarke and Robinson, Plaintiff suffered grievous physical injuries, emotional distress and mental anguish, all attributable to Defendant(s) Clarke and Robinson violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth (8)th Amendment of the U.S.C.A., and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment under the Fourteenth (14)th Amendment of the U.S.C.A. Defendant(s) Clarke and Robinson acted of failed to act under color of state law. Defendant(s) Clarke and Robinson are sued in their individual and official capacities.

30- Defendant(s) Clarke and Robinson establishes a cause of action under 42 U.S.C. Section 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

## VI. Grievance Procedure.

31- The Plaintiff has exhausted all available institutional remedies concerning the events, acts and omissions described in this complaint. The complaints, grievances and/or appeals were upheld according to Virginia Dep't of Corrections Operating Procedures.

## VII. Relief Sought.

32- WHEREFORE, Plaintiff request this Honorable Court to enter judgement in his favor against the above named Defendant(s) in their official and individual capacities in the amount of $50,000 jointly and severally against Defendant(s) Harold W. Clarke, David Robinson, B. Konode, Eric Madsen, Carl Manis, Alley Lovell, T. Powell, Kilbourne, and Dr. Haynes, as well as the amount to be determined by the Court for compensatory and punitive damages, together with interests, as well as cost incurred.

33- Plaintiff further moves this Court to enter injunctive relief in the form of an ORDER to enjoin Defendant(s) Harold W. Clarke, David Robinson, Eric Madsen, Carl Manis, Alley Lovell, T. Powell, B. Konode, Kilbourne, and Dr. Haynes to never again to detain him, the Plaintiff in the (S)ecure Diversion Treatment Program unit ever again.

34- Plaintiff also seeks a jury trial on all issues triable by jury.

35- Plaintiff also seeks all recovery cost of his cost of this suit, and any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted On:
____13____ day of __October__, 2021.

Angel Cartagena
#1078842
Petitioner, Pro se
Marion Correctional Treatment Center
110 Wright St.
Marion, VA. 24354

I hereby swear under the penalty of perjury that the aforementioned herein is true and correct to the very best of all my abilities.