CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 08 2021
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

In The United States District Court
Western District Court of Virginia
Roanoke Division

## Motion To Amend Complaint Under Civil Rights Act 42 U.S.C. § 1983.

Angel Cartagena
   Plaintiff

Civil Action No. 7:21CV00539

V.

Alley Lovell, ET AL,
   Defendant(s)
Individual and official capacities

### I. Jurisdiction And Venue

1- This is a civil action Pursuant to 42 U.S.C. § 1983 to redress violations under color of state law, and deprivations of rights secured by the Supreme laws of the land, the United States Constitution of America. This Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks declatory relief Pursuant to 28 U.S.C. § 2201 and 2202 and injunctive relief claims are sought and authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedures. Action also arises under the Americans With Disability Act and the Rehabilitation Act of 1973.

2- The Western District of Virginia is appropriate Venue under 28 U.S.C. § (b)(2) because it is where the events giving rise to these claims occurred.

## II. Plaintiff

3 - Plaintiff Angel Cartagena was at the time mentioned herein, in this action an offender of the state of Virginia in the custody of the Virginia Department of Corrections. He is currently being held at Marion Correctional Treatment Center, in Marion, Virginia.

## III. Defendant(s)

4 - The Defendants are natural citizens of the Commonwealth of Virginia and were/are at the time of the events alleged herein, employee's of same acting under color of state law; Defendant Alley Lovell, the Director of all (S)ecure Diversionary Treatment Program units within the whole state of Virginia, who is in charge of Plaintiff's care and safety, inter alia. Defendant T. Dowell, who is the Unit Manager of the S.D.T.P. unit, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant B. Konode, who is the Warden of River North Correctional Center, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant Kilbourne who is the Chief of Housing and Programming, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant Dr. Haynes who is the psychiatrist over the S.D.T.P. unit, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant H. Clarke, the Director of the Virginia Department of Corrections, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant David Robinson, C.C.O. of the Virginia Department of Corrections, who with others, is in charged of Plaintiff's care and safety, inter alia. Defendant Eric Madsen who is in charge of Institutional Classification, who is responsible for housing assignments/transfers of the mentally ill prisoners - as Plaintiff - as well as Plaintiff's care and safety, inter alia. Defendant Carl Manis, who is the Regional Administrator of the Western Region, who with others, is charged with Plaintiff's care and safety, inter alia.

**IV. Facts.** Plaintiff has been diagnosed and hospitalized for serious mental illnesses since early childhood, since age of (12), although articulate, he suffers from serious mental illnesses ("S.M.I.") Medical records could verify his multiple commitments to mental hospital acute wards for the mentally ill. Plaintiff has a well lengthy documented history of suffering from serious mental disabilities and still continues to suffer do to his mental debilities and has been placed involuntarily by Defendant(s) mentioned herein in the (S)ecure Diversionary Treatment Program ("S.D.T.P.") without a proper judicial order which is absolutely unlawful and unconstitutional. The (S)ecure Diversionary Treatment Program unit is a lisenced psychiatric unit funded by the Federal Government, but it's not being administered correctly by institutional personnel known as the Multi-Institutional Treatment Team ("MITT") Plaintiff states he is being detained unlawfully against his will during a period of (18) months without a proper judicial order in a lisenced psychiatric unit titled ("Secure Diversionary Treatment Program.") On or about the month of Nov. 22, 2019, Plaintiff was detained in the S.D.T.P. unit by the VA.D.O.C. with specific respects to the authority and approval by Defendant(s) Alley Lovell, Director of (3) S.D.T.P./I.D.T.P. and by Eric Madsen who's in charge of Central Classification Services/ transfer assignment of the seriously mentally ill prisoners. Prior to after being admitted into detention in S.D.T.P., a lisenced psychiatric unit, by Defendant(s) herein who I have mentioned.

5-(1) Was not provided a judicial Due Process hearing for involuntary commitment after not giving consent for mental health treatment, care, services to be detained in (a) (S)ecure psychiatric unit. (2) Provided the notice or right to appeal the detention. (3) Provided the right to attend, make testimony, defend, or provide witnesses against detention; and (4) allowed and denied the opportunity to not participate in mental health treatment, care, and services. Plaintiff states that being detained in a

lisenced psychiatric unit was not part of his sentencing order by the Court that penalized Plaintiff for alleged convicted criminal convictions; nor has any other post-conviction order been issued by any General, Circuit, or Federal Court(s) for involuntary commitment for or sound professional recommendations for detention in a (S)ecure lisence(d) psychiatric facility or unit.

6- At all times mentioned herein, the Defendant(s) Alley Lovell, Director of the S.D.T.P. units of VA.D.O.C., T. Dowell, Unit Manager, of the S.D.T.P. units, A-1 and A-2, Berry Monode, Warden of River North Correctional Center, Dr. Haynes, Psychiatrist of the S.D.T.P. unit, Kilbourne, Chief of Housing and Programming, Harold W. Clarke, Director of VA.D.O.C., David Robinson, C.C.O. of the VA.D.O.C., Eric Madsen, charged with Institutional Classification/transfers, Carl Manis, Regional Administrator for the Western District were put on constructive notice of Plaintiff providing Defendant(s) mentioned herein (60) days to remedy these violations with Due Diligence under color of state law to release Plaintiff from detention of the (S)ecure Diversionary Treatment Program unit into a general population setting which is less restrictive environment which would be deemed suitable and appropriate for Plaintiff's health and safety, but to no avail, failed to do so.

7- All Defendant(s) mentioned herein have actual knowledge of Plaintiff's lengthy well documented history of suffering from ("SMI"). Plaintiff's diagnosed with inter alia, Borderline Personality Disorder, Anti-Social Personality Disorder, Schizo-Affective Disorder, Schizophrenia, Bipolar Disorder Type II. All of these mental disorders are actual diagnosis's by Qualified Mental Health Professionals and since the age of (12) has been on psychotropic medicines for his serious mental disabilities.

8- Despite Plaintiff's lengthy well documented history of suffering from ("SMI"), Defendant(s) had placed Plaintiff in one of the most

restrictive units within the V.A.D.O.C. which was extremely deleterious to Plaintiff's health and safety, which put him in susstantial risk of mental deterioration. Being isolated for a long period of (18) months and (5) days etact was very insalubrious to Plaintiff's mental health and safety.

9- Pursuant to State and Federal policies and regulations, including those set forth and outlined by the Joint Commission Accreditation of Health Care Organization ("JJC") of which (S)ecure Diversionary Treatment Program claims to be compliant with to maintain it's accreditation status to continue to receive Federal funding.

10- Moreover, Isolation is a form of bodily restraint. The Plaintiff was secluded for a long period of (18) months and (5) days etact under harsh conditions of confinement, and sensory deprivation. Such circumstances was devastating to Plaintiff. Lacking physical and social points of reference to ground Plaintiff and others like him into reality itself. Seriously mentally ill prisoners are deprived of things such as personal property. Limiting to (4) phone calls a month. Virginia D.O.C. states that the S.D.T.P. units are a general population, but in the VA. Operating Procedures, it's states that the S.D.T.P. units are a restrictive Housing Unit (segregation). In order to be admitted within the S.D.T.P. unit one must be diagnosed with a serious mental illness, but according to D.O.C. policy those with ("SMI") cannot be housed in isolation for no more then 28 days. In this program offenders are never unrestrained, unless offenders are within their cells. Anytime offenders come out their cells, they are fully stripped searched and then placed in handcuffs with a dog leash attached to them and also placed in shackles, then escorted by (2) officers at all times. Anytime offenders come out their cells for programming, which is within the designated area in the pod, offenders are then handcuffed and shackled to tables called (S)ecured Chairs. Whenever offenders have outside recreations offenders are caged

in segregation recreation cages. If offenders are sent to medical, the offender is handcuffed and shackled, with a dog leash attached to the handcuffs, then to be escorted by (2) officers under segregation restrictive movement. Offenders within the (S)ecure Diversionary Treatment Program unit can not be anywhere near other offenders outside the S.D.T.P. unit. Offenders are not allowed to attend religious services, this was before the covid epidemic even began. Offenders are not even allowed to have a job. Do to the serious restrictions that the S.D.T.P. unit imposes, Plaintiff suffered from physical and psychological injuries.

11- On 04/24/21 at approximately 1:10 A.M., Plaintiff swallowed a toothpaste tube and electrical wirings in a attempt to end his life by choking. Plaintiff then began cutting himself with a razor deeply in his right forearm. Plaintiff began to cry thinking about his family, he then voiced his suicidal ideation to the officer in the booth who goes by the name of C/O D. Henderson Jr. C/O T. Myers, the floor officer came to Plaintiff's cell A-105 and C/O T. Myers called the supervisor and the nurse. Nurse Sexton arrived and said as she looked at Plaintiff's wound that he needed to go to the hospital to receive sutures. Plaintiff was then taken to the hospital, when Plaintiff arrived at the hospital, he refused medical treatment, then was sent back to the institution ("River North") to then be placed on (5) point restraints. Do to swallowing the foreign objects, Plaintiff was suffering from excruciating pain in his stomach. Later on that night Nurse Sexton was conducting pill call and she approached Plaintiff's cell and Plaintiff stated that he was under alot of pain. Nurse Sexton then called the medical doctor and again, Plaintiff was taken back to the hospital to receive surgury to remove the foreign objects from his stomach. They didn't apply sutures because the wound was open for over (12) hours. Plaintiff suffered grievous physical injuries, as well as psychological injuries.

On 05/26/21 Plaintiff was transferred to a Supermax facility titled, "Wallens Ridge State Prison", which is deemed inappropriate and not suitable for Plaintiff, do to the extreme restrictions that Supermax facilities imposes. Defendant(s) had Plaintiff to be sent to such facility was not a sound recommendation, which put Plaintiff at substantial risk of serious harm. Plaintiff began to suffer from psychosis do to being isolated and he began to display bizarre behavior and became suicidal in which on the date of 08/12/21 he attempted suicide by lacerating his right arm. Plaintiff was then placed on suicide precautions. On 08/19/21 Plaintiff then lacerated his arm again with a razor. Both times he was given sutures. On 08/31/21 Plaintiff was involuntarily committed to Marion Corr. Treatment Center to receive intensive care for his serious mental health needs. Defendant(s) knows that he deteriorates at such Supermax facilities, but disregarded Plaintiff's health and safety by sending him to such Supermax facility.

V. Legal Claims.

12- Plaintiff's right to exercise his religion was denied while being detained within the S.D.T.P. unit unconstitutionally under the First Amendment of the U.S. Constitution, it's every citizens right to practice their faith freely. To prohibit Plaintiff to not allow him to exercise his faith amounts to a violation of his Civil Rights. All Defendant(s) mentioned herein was fully aware of this, but failed to remedy this issue while being illegally detained in the S.D.T.P. unit. Defendant(s) Alley Lovell, T. Dowell, Berry Monode, Dr. Haynes, Kilbourne, Carl Manis, Eric Madsen, Harold W. Clarke, David Robinson acted or failed to act under color of state law and are sued in their individual and official capacities.

13- Defendant(s) acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

14- Plaintiff has been harmed physically and psychologically by the unnessary use of bodily restraints by keeping the Plaintiff for a long duration of (18) months straight in isolation within the (S)ecure Diversionary Treatment Program unit which is a form of cruel and unusual punishment, a violation of the Eighth Amendment of the U.S. Constitution and also a violation of his Liberty Interests enshrined under the Fourteenth Amendment of the U.S. Constitution.

15- At all times relevant to the allegations mentioned herein, the Defendant(s) failed horribly to provide the less restrictive environment such as a general population setting. The (S)ecure Diversionary Treatment Program unit imposes to many restrictions, limiting access to daily activities and also limiting personal property.

16- Defendant Dr. Haynes, Psychiatrist of the S.D.T.P. unit failed to provide the less restrictive setting such as a general population. Dr. Haynes is fully aware of this, but continued deliberately and with malice intent to provide adequate care in a less restrictive environment. Dr. Haynes poor decision to keep Plaintiff isolated in the (S)ecure Diversionary Treatment Program unit without a proper judicial order was a violation of his Due Process Right under the Fourteenth Amendment of the U.S. Constitution. This is not the product of a sound professional judgement, and exposed - and continue to expose - Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is a violation of his Eighth Amendment of the U.S. Constitution. As of result said acts and omissions of Dr. Haynes, Plaintiff suffered grievous physical injuries, emotional distress and mental anguish, all attributable to Defendant Dr. Haynes violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty

Interest to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution. Dr. Haynes acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

17. Defendant Carl Manis, the Regional Administrator over the Western Region of VA.D.O.C. is held liable for his subordinates actions of misconduct of injuring the Plaintiff's rights of the U.S. Constitution. Defendant Carl Manis plays a supervisory role over Defendant Alley Lovell, Director of all (S)ecure (D)iversionary Treatment Program units within the VA.D.O.C. Defendant(s) Carl Manis and Alley Lovell has continuously, consciously, and willfully opted to keep Plaintiff in the S.D.T.P. unit knowing fully well that they are in violation by keeping Plaintiff detained in a liscenced psychiatric unit without a proper judicial order in violation of his Due Process Rights under the Fourteenth Amendment of the U.S. Constitution.

18. Defendant(s) Carl Manis and Alley Lovell's decision to keep Plaintiff in the S.D.T.P. unit against his own will is not the product of sound professional judgement, and exposed - and continue to expose - Plaintiff to severe mental anguish and emotional distress which amounts to his total disregard to his health and safety. As of result of said acts and omissions of Defendant(s) Carl Manis and Alley Lovell, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, all attributable to Defendant(s) hereinmentioned violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interest to safety, freedom from undue bodily restraints, and to treatment

recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

19- Defendant(s) Carl Manis and Alley Lovell acted or failed to act under color of state law. Defendant(s) Carl Manis and Alley Lovell acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

20- At all times mentioned, Defendant Berry Konode, Warden over River North Correctional Center acted or failed to act under color of state law, so as to deny Plaintiff's treatment for his serious mental health needs in a less restrictive unit or setting such as a general population. Defendant Berry Konode is the head Warden of River North Correctional Center, knowing or quiescence in the in the unconstitutional behavior of his subordinates. All Defendant(s) such as Alley Lovell, T. Dowell, Dr. Hayner, Mr. Kilbourne who are of the Multi-Institutional Treatment Team who act as the overseers of all S.D.T.P./I.D.T.P. units, persistently violated a statutory duty to inquire about such and to be responsible for preventing it; failure to train and supervise or an official acquiescence in the continued existence of prison conditions which themselves are a hazard to Plaintiff that they amount to constitutional violation. Defendant Berry Konode recklessly and with absolute disregard of his duties and policies to permit and allow Defendant(s) Alley Lovell, Dr. Hayner, and Mr. Kilbourne to perform their functions as members of the Multi-Institutional Treatment Team ("MITT") as the overseers of all (3) S.D.T.P. units, knowing fully well of the injuries of Plaintiff's Constitutional Rights to keep Plaintiff continuously with complete disregard in the S.D.T.P. unit without a proper judicial order is truely a violation of Plaintiff's Liberty Interest to be free from all forms of bodily restraints; indeed, isolating him in a lisenced Psychiatric unit or facility involuntarily without his

consent is truely unlawful. Defendant Berry Honade was on constructive notice and had actual knowledge of Plaintiff's Constitution being violated.

21- As of result of acts and omissions of Defendant Berry Honade, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to Defendant Berry Honade violating Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

22- Defendant Berry Honade acts and omissions establisher a cause of action under 42 U.S.C. §1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

23- Defendant(s) T. Dowell, Unit Manager of the S.D.T.P. unit of R.N.C.C. and Mr. Kilbourne, Chief of Housing and Programming are members of the Multi-Institutional Treatment Team, are responsible for Plaintiff's care and safety, but failed to provide the less restrictive environment such as a general population setting. Defendant(s) T. Dowell and Mr. Kilbourne are fully aware of this, but continue to deliberately and intentionally to not provide adequate housing by keeping him housed in the S.D.T.P. unit against his own will. Defendant(s) T. Dowell and Mr. Kilbourne continued to keep Plaintiff within the S.D.T.P. unit without a proper judicial order which is a violation of his Due Process Rights. This is not the product of a sound professional judgement, and exposed - and continue to expose - Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is an Eighth Amendment violation of the U.S. Constitution. Defendant(s) T. Dowell and Mr. Kilbourne were put on notice of this unlawful detention. As of results of acts and omissions of Defendant(s) T. Dowell and Mr.

Kilbourne, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to Dowell and Mr. Kilbourne violations of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

24. Defendant(s) T. Dowell and Mr. Kilbourne acts and omissions constitutes a willful, reckless, and conscious disregard of Plaintiff's Constitutional Rights and safety; by which he is entitled to recover monetary relief in the form of compensatory and punitive damages under 42 U.S.C. § 1983 action. Defendant(s) T. Dowell and Mr. Kilbourne failed to act under color of state law and are sued in their individual and official capacities.

25. At all times relevant to the allegations herein, Defendant Eric Madsen who is in charge of Central Classification Services and transfers of all ("SMI") offenders acted or failed to act under color of state law, so as to be deliberate indifferent to Plaintiff's serious mental health needs, and consciously indifferent to his substantive Due Process Rights. Defendant Eric Madsen had Plaintiff sent to the (S)ecure Diversionary Treatment Program unit in R.N.C.C. was not the excersise of a professional judgement, caused Plaintiff significant bodily and psychologically injuries, which constitutes a callous deliberate indifference to his serious psychiatric needs, in violation of the Eighth Amendment ban on cruel and unusual punishment; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional to assure these interests under the Fourteenth Amendment of the U.S. Constitution.

26- Defendant Eric Madsen's acts and omissions were done within the scope of his official employment, and was conduct that violated clearly established statutory or Constitutional Rights of which a reasonable person would have known. Defendant Eric Madsen's acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit. Defendant Eric Madsen failed to act or acted under color of state law and is being sued in his individual and official capacities.

27- At all times relevant to the allegations herein Defendant(s) Harold W. Clarke, Director of the VA.D.O.C., and David Robinson, C.C.O. of the VA.D.O.C. acted or failed to act under color of state law as to deliberate indifferent to Plaintiff's serious mental health needs and consciously indifferent to his substantive Due Process Rights.

28- Defendant Harold W. Clarke, the Director of the VA.D.O.C., has duties under Title 53.1 of the Code of Virginia, to make policies and regulations for all jails and prisons in the VA.D.O.C., and accordance with State and Federal Constitutional laws; is charged with inter alia, with oversight of prisons and prisoner's care and safety.

29- Defendant David Robinson, C.C.O. of the VA.D.O.C. is vested with the duty to make and implement and enforce the VA. Dep't Operating Procedures of the VA.D.O.C., and the policies and regulations generally in compliance with State and Federal Constitutional law pertaining to treatment of prisoners, their care and safety.

30- Defendant(s) Clarke and Robinson's failure to make policies expressly prohibiting Plaintiff in detention in a liscenced psychiatric unit titled; (S)ecure Diversionary Treatment Program, without a proper judicial order where Plaintiff is involuntarily housed without his consent. Defendant(s) Clarke

and Robinson acts and omissions violated clearly established statutory or Constitutional Rights of which a reasonable person such as a lay person would have known; and substantially departed from the accepted standards of sound professional judgement so as to violate Plaintiff's Eighth Amendment to be free from cruel and unusual punishment; and Plaintiff's Liberty Interests under the Fourteenth Amendment of the U.S. Constitution. Mental illness is a form of disability and isolation that's unnessary of a disabled person is a form of discrimination on account of disability in violation of the Americans With Disability Act ("ADA"), and the Rehabilitation Act of 1973 ("RA"). All Defendant(s) mentioned herein discriminated against Plaintiff by subjecting him to unnessary isolation when treating professionals recommended treatment in a less restrictive setting-based on treatment, and such was denied. Plaintiff was held (18) months in a unlawful detention in the most restrictive (S)ecured psychiatric unit without a proper judicial order. Failure to remedy Due Diligently by placing him in a more suitable environment with less restrictions was truely unconstitutional. Plaintiff was subjected to cruel and unusual punishment constantly from mental anguish and emotional distress which amounts to a callous deliberate indifference to his serious mental health needs. As of result of said acts and omissions of Defendant(s) Clarkle and Robinson, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish; all attributable to Defendant(s) Clarkle and Robinson violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eigth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment under the Fourteenth Amendment of the U.S. Constitution. Defendant(s) Clarkle and Robinson acted or failed to act under color of state law. Defendant(s) Clarkle and

Robinson are sued in their individual and official capacities.

31- Defendant(s) Clarke and Robinson establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

## VI. Grievance Procedure.

32- The Plaintiff has exhausted all available institutional remedies concerning the events, acts and omissions described in this complaint. The complaints, grievances and/or appeals were upheld according to VA. Dep't of Corrections Operating Procedures.

## VII. Relief Sought.

33- WHEREFORE, Plaintiff request this Honorable Court to enter judgement in his favor against the above named Defendant(s) in their official and individual capacities in the amount of $80,000 jointly and severally against Defendant(s) Harold W. Clarke, David Robinson, Berry Kanode, Eric Madsen, Carl Manis, Alley Lovell, T. Dowell, Kilbourne, and Dr. Haynes, as well as the amount to be determined by the Court for compensatory and punitive damages, together with interests, as well as cost incurred.

34- Plaintiff further moves this Court to enter injunctive relief in the form of an order to enjoin Defendant(s) Harold W. Clarke, David Robinson, Eric Madsen, Carl Manis, Alley Lovell, T. Dowell, Berry Kanode, Kilbourne, and Dr. Haynes to never ever again detain him, the Plaintiff in the (S)ecure Diversionary Treatment Program unit ever again.

35- Plaintiff also seeks a jury trial on all issues triable by jury.

36- Plaintiff also seeks all recovery cost of his cost of this suit, and any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted On:
__04__ day of __November__, 2021.

Angel Cartagena
#1078842
Petitioner, Pro se
Marion Correctional Treatment Center
110 Wright St.
Marion, VA. 24354

I solemnly swear under the penalty of perjury that the aforementioned herein is true and correct to the very best of all my abilities.

Angel "Don" Cartager
#1078842
M.C.T.C.
110 Wright St.
Marion, VA. 24354

Unite
Westerr
"Cler
210 t.
Roanc

ed States District Court
n District of Virginia
rk's Office,
ranklin Road
ke, VA. 24011