In The United States District Court
Western District Court of Virginia
Roanoke Division

Angel Cartagena
         Plaintiff

V.

Alley Lovell, et al.,
         Defendant(s)
In their Individual and Official Capacities

Civil Action No. 7:21cv00539

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2022

JULIA C. DUDLEY, CLERK
BY: A Beeson
DEPUTY CLERK

1. Legal Brief In Support of Plaintiff's
Motion In Opposition To Defendant's Motion
To Dismiss

2. The Plaintiff Has Stated Viable Claims To Relief
   § 1983.

Plaintiff, pro se, hereby submitts this legal brief in support
of his Motion In Opposition To Defendant(s) Motion To
Dismiss to above styled case under § 1983, pursuant to
Rule 12(b)(6), and for summary judgement, Rule 56, Fed. R.C.P.,
and states in support:

I. The Plaintiff Has Stated Viable Claims to Relief § 1983.

1-On December 27, 2021 the Defendant(s) submitted a motion
to dismiss and a memorandum in support asking the Court to
dismiss this civil action on the grounds that (1) Plaintiff has
failed to state a claim, (2) the Defendant(s) are not liable to
Plaintiff for the violations asserted, (3) Plaintiff fails to state
a claim under the 8th and 14th Amendment of the U.S.
Constitution, (4) Plaintiff fails to state a claim under the 1st

1 of 19

Amendment of the U.S. Constitution, (5) Plaintiff fails to state a claim against Defendant(s) under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA") and (6) the Defendant(s) are entitled to qualified immunity. Plaintiff has submitted a copy of the Amended Complaint herewith which may be referenced as if fully incorporated herein. Plaintiff has exhausted all institutional remedies available to him and states colorable claims to relief under § 1983, and genuine issues of material fact for trial, the Defendant(s) motion to dismiss must fail. In support Plaintiff states:

<u>II. Plaintiff Has Exercised Due Diligence To Fully Exhaust All Available Institutional Remedies. The Requirement under PLRA that all available institutional remedies be exhausted before challenging prison conditions in Federal Court.</u>

2- "PLRA," 42 U.S.C. § 1997e(a), requires prisoners to fully exhaust such "administrative remedies as are available" before obtaining review of an action brought under 42 U.S.C. § 1983.

3- However, all Informal Complaints, Grievances, and letters of appeals within this 42 U.S.C. § 1983 are in accordance with the VA D.O.C. Operating Procedure (D.O.P.) 861.1. Further, all of the Informal Complaints, Grievances, and letters of appeal to ("Regional Administrator") are attached as Exhibits to reflect that Plaintiff has due diligently exhausted all available institutional remedies.

WHEREFORE, in view of the foregoing, the Court should find that Plaintiff has exercised due diligently to exhaust all institutional remedies available to him and satisfies the exhaustion requirement under PLRA, 42 U.S.C. § 1997(e)(a).

## III. Argument And Authority

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer V. Brennan*, 511 U.S. 825, 832 (1994). "Prison officials must assure inmates receive, inter alia, adequate medical/mental care, and must take reasonable measures to gaurantee the prisoner's safety." *id*. To show a constitutional violation Plaintiff need not show that prison officials "acted or failed to act believing that harm would actually befall a prisoner, it is enough that the officials acted or failed to act despite [their] knowledge of a substantial risk of serious harm, or they exposed a prisoner to a sufficiently "risk of serious damage to his future health." *id*. at 843 (citing *Helling V. McKinney*, 509 U.S. 25, 35 (1993). Conditions of confinement that deprive prisoners of the minimal civilized measures of life's necessity satisfy the objective component of the 8th Amendment inquiry." *Jones El V. Berge*, 164 F. Supp. 1096, 1117 (W.D. Wis. 2001). The 8th Amendment's ban on cruel and unusual punishment "protects individuals against both harm that is occurring and against conditions posing a substantial risk of serious harm." *id*. "There is no question that suicide is a serious harm." *id*. "Similarly, it is well settled that the 8th Amendment protects the mental health of prisoners, no less than their physical health." *Merriwether V. Falkner*, 821 F. 2d 408, 413 (7th Cir. 1987); *Madrid V. Gomez*, 889 F. Supp. 1146, 1255-60 (1995) (citing *Bowring V. Godwin*, 551 F. 2d 44, 47 (4th Cir. 1997); *Dotty V. Co. of Lassen*, 37 F. 3d 540, 546 (9th Cir. 1994). Officials are liable for failing to provide adequate mental health care to persons with ("SMI") when those "needs are patently obvious" and equally obvious to cause considerable pain and suffering", if ignored or neglected. *Madrid*, at 1214-1227. If the particular conditions

of confinement being challenged are such that they inflict a serious mental illness, greatly exacerbate mental illness, or deprive a prisoner of their sanity, then Defendant(s) have deprived prisoners of a basic necessity of human existence - indeed, they have crossed into the abode of psychological torture." *Madrid* at 1264 and *Jones El,* at 1117. "The same standards that protect against physical torture prohibit mental torture as well - including the mental torture of excessive deprivation." *Jones El,* at 1117 (citing *Ruiz V. Johnson,* 243 F. 3d 941 (5th Cir. 2001); adhered to on remand, 154 F. Supp. 2d 975 (S.D. Tex. 2001). " Secure Diversionary Treatment Program are not deemed appropriate nor suitable for those with ("SMI") because of the extreme isolation resulting from the serious restrictions it imposes. The physical layout is worst then a supermax. The S.D.T.P. is a behavior modification program that's designed to deal with disruptive and recalcitrant prisoners. "The physical isolation and sensory deprivation endured from week to week is like putting a person with C.O.P.D. in a room with a little air to breath." The monsterous sufferage satisfies the objective and subjective component of the ban on cruel and unusual punishment enshrined in the 8th Amendment of the U.S. Constitution. Placing the seriously mentally ill for long periods of time in extreme conditions of isolation violates the 8th Amendment because they are particularly susceptible to psychological effects of such harsh seclusion. Cited *Colon V. Howard,* 215 F. 3d 227, 232 (2d Cir. 2000) (Stating Courts might consider "evidence of the psychological effects of prolonged confinement in isolation. Plaintiff suffers from a series of multiple mental disabilities that disrupts his daily life significantly. Do to these modalities of the mind, he is a

disabled prisoner. Plaintiff is protected by liberty interests under the Due Process Clause of the 14th Amendment of the U.S. Constitution to reasonably safe living conditions, to be free from unecessary bodily restraints, and to treatment recommended by a qualified professional to assure these interest. Indeed, isolation is a form of bodily restraint. Youngberg V. Romeo, 457 U.S. 307 (1982). Officials are "liable" for violating these rights when they fail to provide treatment or confinement conditions for such individuals according to the sound professional judgement of a qualified professional or susstantially depart from the accepted standards of professional practice so as to demonstrate that the individual(s) responsible actually did not base their decision on such a judgement". id at 325. Moreover, it is cruel and unusual punishment to hold convicted criminals in unsafe conditions of confinement, then it must be unconstitutional to confine the mentally disabled in such situations... [L]iberty from bodily restraint, which is the core of the liberty protected by the Due Process Clause of the 14th Amendment, from arbitrary governmental action, survives conviction and incarceration. Being mentally disabled, Plaintiff has a right to more considerate treatment and conditions of confinement. Plaintiff suffered irreparable damages a of result do to severe mental anguish and emotional distress. VA. D.O.C. created prison conditions such as the S.D.T.P. to be highly restricted of all units and facilities within it's jurisdiction. The conditions are extremely atypical and significant by comparison to ordinary conditions, there is a state-created liberty interest. For a long period of (18) months and (5) days, Plaintiff was forced to endure seclusion which was atypical and significant hardship do to the extreme sensory deprivation that led to mental deterioration. Properly

named Defendant(s) failed to exercise professional judgement when they persistently failed to implement treatment recommendations by qualified professionals and unnecessarily rely on bodily restraint such as isolation beyond what is necessary to assure their safety or to provide the proper course of treatment. Thomas V. Flaherty, 699 F. Supp. 1178 (W.D. N.C. 1988), aff'd 902 F. 2d 250 (4th Cir. 1990), cert. denied 498 U.S. 951 (1990).

For the following reasons the Defendant(s) Motion To Dismiss must fail.

"Defendant(s) Clarke and Robinson"

4- Defendant Clarke, the Director of the VA.D.O.C., has duties under Title 53.1 of the Code of Virginia, to make policies and regulations for all jails and prisons in the VA. D.O.C., and in accordance with State and Federal Constitutional law; and is charged, inter alia, with oversight of prisons and prisoner's care and safety.

5- Defendant Robinson, C.C.O. of the VA.D.O.C., is vested with the duty to make and implement and enforce the Dep't Operating Procedures of VA.D.O.C., and the policies and regulations generally in compliance with State and Federal Constitutional law pertaining to treatment of prisoners, their care and safety.

6- Defendant(s) Clarke and Robinson was on actual or Constructive notice given them (60) working days to remedy Plaintiff's unlawful detention within the S.D. T.P., for Plaintiff was involuntarily placed their without a proper judicial process. See Exhibit 4 which is attached to this Motion as a reference to reflect and to prove to this Court that Plaintiff put all

nine Defendant(s) mentioned herein on notice. All
Defendant(s) were put on notice and had actual / knowledge
of the constitutional injuries, but failed to remedy this
unlawful detention by placing Plaintiff in a less restrictive
environment. Because of the injurious effects that the S.D.T.P.
unit has on people with "SMI", placing individuals with
serious mental illnesses within this Behavior Modification
Program that is run as a supermax, it is truely inhumane and
unconstitutional. The atypical and significant hardships endured
under extreme isolation, as well as sensory deprivation, is truely
a form of psychological torture. Again, isolation is a form of
bodily restraint and the isolation of those who are mentally
disabled is discrimination. Defendant Clarke is all to familiar
with the danger posed to mentally ill prisoners by policies or
customs that can cause them serious even fatal harm, from
his prior position as Director of the Massachusetts Dep't
of Corrections (D.O.C.), where an inmate was killed by
mistreatment, and he was investigated, one, he is keenly aware
of the needs for policies and regulations and to enforce such,
as regards to treatment of the mentally ill prisoners - as Plaintiff-
which is in his custody.
7- Plaintiff suffers an extensive history of suffering serious
mental illnesses, takes psychotropic medications, and suffered
life threatening injuries in suicide attempts previous by being
kept in S.H.U. / B.H.U. According to D.O.C. policy, a prisoner
cannot be housed in segregation no more then (28) days. Plaintiff
was in isolation for (18) months and (5) days exact. If Plaintiff
did not participate in programming, he would remain indefinite
in R.H.U.
_____
Investigating report ordered by Massachusetts Governor Deval Patrick

into the "disgusting" death of a mentally prisoner in 2009, where Harold W. Clarke, former Commissioner of Massachusetts Dep't of Corrections, was unhelpful in the investigation, in walte of numerous policy violations and evidence of a cover up. Boston Globe, Associated Press.

8 - Defendant(s) Clarke and Robinson's failure to make policies expressly prohibiting Plaintiff's confinement in a licensed Psychiatric unit titled, (S)ecure Diversionary Treatment Program without a proper judicial order where Plaintiff was involuntarily housed without his given consent to be treated within the most restricted unit in the VADOC's jurisdiction. Defendant(s) Clarke and Robinson knows the injurious effects that S.D.T.P./R.H.U. imposes and are way to familiar with Plaintiff's extensive well lengthy documented history of suffering from ("SMI"), but failed to act despite [their] knowledge "of a substantial risk of damage to his future health and safety." Farmer, supra, at 843. Defendants Clarke and Robinson are not being sued under a theory of respondent superior in this case.

9 - The insalubrious affects on mentally ill prisoners are well documented, and segregation and prolonged S.H.U./R.H.U. confinement and exposure are so "obvious" to cause serious irreparable harm to seriously mentally ill prisoners as the Plaintiff, that failure to prevent such constitutes a calloused delibcrate indifference to his serious medical needs and safety so as to render Defendant(s) Clarke and Robinson liable under color of state law or within the scope of their employment for failure to prevent said placement of Plaintiff, and others similarly situated with "SMI."

10 - The Defendant(s) acts and omissions violated clearly

established statutory or constitutional rights of which a reasonable person such as a layman would have known, and substantially departed from the accepted standards of sound professional judgement so as to violate Plaintiff's liberty interests under the 14th Amendment, U.S. Constitution."

"Defendant Eric Madsen"

11- Defendant Madsen knowingly placed Plaintiff in the (S)ecure Diversionary Treatment Program (which is considered a Mandatory Behavior Modification Program). Defendant Madsen is in Charge of Institutional Classification Services and is also determined of transfers of the seriously mentally ill. On November 22, 2019, Defendant Madsen arranged transfer of Plaintiff from Red Onion State Prison to River North Correctional Center S.D.T.P. unit without a proper judicial order and without his given consent. Defendant Madsen placed Plaintiff in the most restrictive unit in the state, knowing fully well such presented a sufficiently substantial risk of serious damage to his health, and which constituted a callous deliberate indifference to his health and safety and serious mental health needs. Defendant Madsen is keenly aware of the atypical and significant hardships to Plaintiff's ("SMI"). Knowing how detrimental long term isolation has on the mind from having to endure extreme seclusion, in isolation, and also being deprived of sensory which leads to the realm of psychological torture.

12- A prisoner's serious medical needs are entitled to medical care under the 8th Amendment. A serious medical needs exists, if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of

pain." _Estelle V. Gamble_, 429 U.S. 97, 104 (1976). In other words, if a doctor says a prisoner needs treatment or if that need is obvious then it's a serious medical need." _Jett V. Penner_, 439 F.3d 1091, 1096 (9th cir. 2006).

13- Defendant's acts and omissions to deprive Plaintiff of recommended treatment in conditions known to cause him serious even life threatening harm constitutes a callous ed deliberate indifference to his health and safety and serious medical and mental health needs of which were obvious, Said acts and omissions by Defendant Madsen were performed recklessly and substantially departed from the accepted standards of sound professional practice in violation of Plaintiff's liberty interests in _Youngberg_, supra, and this circuit's ruling in _Thomas S._, in violation of the Due Process Clause of the 14th Amendment of the U.S. Constitution. Plaintiff's placement within the the S.D.T.P. unit was not to protect his/her safety or others safety or to deal with an emergency, but was clearly punitive, as a method of convenience and control for Defendant Madsen and indirect violation of his rights against such abuse and/or unnecessary isolation which constitute's liberty interest in _Youngberg_ and _Thomas S._ supra.

14- Said acts and omissions by defendant Madsen violated Plaintiff's liberty interests under the due process clause of the 14th Amendment to reasonably safe living conditions, to be free from undue bodily restraint and to treatment recommended by a qualified professional to assure these interests under _Youngberg_ and _Thomas S._

15- WHEREFORE, Defendant's Motion To Dismiss on this et al.'s claims must fail, and as direct and proximate result, Defendant(s) conduct, Plaintiff was injured and suffered

physical injurys and emotional distress and mental anguish, all attributable to said violations of his liberty interests under the due Process Clause of the 14th Amendment of the U.S. Constitution,

"Defendant(s) Carl Manis and Alley Lovell."

16 - Defendant Carl Manis, the Regional Administrator over the Western Region of VA.D.O.C. is held liable for his subordinates actions of misconduct of injuring the Plaintiff's rights of the U.S. Constitution. Defendant Carl Manis plays a supervisory role over Defendant Alley Lovell, who is the Director of all (3) S.D.T.P. units within the VA.D.O.C. Defendant(s) Manis and Lovell were put on notice and had actual or constructive knowledge of Plaintiff's constitutional injuries, but failed to take proper measures to remedy this unlawful detention within the most restrictive unit within the state. Defendant Manis had knowledge that his subordinate Defendant Lovell was engaged in conduct that posed a pervasive, and unreasonable risk of constitutional injury to the Plaintiff, but failed deliberately and intentionally with total disregard. Plaintiff gaved Defendant(s) who are in concert (60) days to remedy these issues by putting all Defendant(s) mentioned herein on constructive or actual notice of the ongoing violations, but they failed to remedy the constitutional injuries. Attached to this Motion to Opposition to Defendant(s) Motion to Dismiss is proof to this Court that Plaintiff put all (9) Defendants on constructive and actual notice, but Defendant(s) failed intentionally and deliberately to remedy the constitutional injuries. Defendant(s) Manis and Lovell has consciously, and willfully opted continuously to keep Plaintiff in the S.D.T.P. unit without a proper judicial order in a lisenced psychiatric unit in violation of his Due Process

Rights under the 14th Amendment of the U.S. Constitution.

17-Defendant(s) Manis and Lovell's decision to keep Plaintiff in the S.P.I.P. unit against his own will is not the product of sound professional judgement; and exposed and continue to expose Plaintiff to severe mental anguish and emotional distress from extreme seclusion in constant isolation and sensory deprivation. Plaintiff was isolated for a duration period of (18) months and (5) days exact under persistent isolation in a cell. Moreover, isolation is a form of bodily restraint and isolating a mentally disabled patient is a form of discrimination. As of result of said acts and omissions of Defendant(s) Manis and Lovell, Plaintiff suffered grievous physical injuries; emotional distress, and mental anguish, all attributable to Defendant(s) herein mentioned violation of Plaintiff's interest to be free from cruel and unusual punishment under the 8th Amendment of the U.S. Constitution, and Plaintiff's substantive Liberty Interest to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the 14th Amendment of the U.S. Constitution. Plaintiff suffered a duration of (18) months and (5) days exact extreme isolation and sensory deprivation which was atypical and significant hardship which led to grievous physical injuries from a suicide attempt. Exhibits attached to this Motion In Opposition to Defendant's Motion to Dismiss shows and proves that Plaintiff engaged in self harm do to the constitutional injuries Defendant's afflicted intentionally and deliberately to Plaintiff. Plaintiff states validated colorable claims to relief under § 1983, and genuine issues of material fact for trial; the Defendant(s) motion to dismiss must fail.

"Defendant(s) Berry Konode, Dr. Haynes, T. Dowell, and Kilbourne."

12 of 19

18- Defendant Berry Konode, who at all times mentioned herein was the Warden over River North Correctional Center acted or failed to act under color of state law. Plaintiff put all Defendant(s) mentioned herein on actual notice and Defendant(s) had constructive knowledge of Plaintiff's constitutional injuries. Given Defendant(s) (60) working days to remedy violations, Defendants(s) mentioned herein failed their duties do to intentionally and deliberately disregarding Plaintiff's constitutional violations. Defendant Warden Konode plays a supervisory role over Defendant(s) Dr. Haynes who is the Chief Psychiatrist over the S.D.T.P. unit, T. Dowell, who is the Unit Manager over the S.D.T.P. unit, and Mr. Kilbourne, who is Chief of Housing and Programming over the S.D.T.P. unit. Plaintiff was placed involuntarily by Defendant(s) into the most restrictive unit within the whole VA.D.O.C. for punitive purposes. The (S)ecure Diversionary Treatment Program is a mandatory Behavior Modification Program equipped and designed for recalcitrant prisoners who oppose a disturbance to modern day prison functions. The extreme isolation and sensory deprivation endured week to week is deleterious to Plaintiff's health and safety which further led to serious psychotic episodes and mental breakdown. The cruel suffering satisfies the objective and subjective components of the ban from cruel and unusual punishment enshrined in the 8th Amendment of the U.S. Constitution. Placing the seriously mentally ill prisoners for long periods of time under severe restrictions of seclusion within isolation violates the 8th Amendment do to the atypical and significant hardships of insurmountable isolation which is absolutely horrific. The physical layout of the

S.D.T.P. unit is worst then a supermax setting do to the serious risk it imposes. Indeed, it is a form of psychological torture. Defendant Warden Manade was fully aware of how the program is being ran, knowing or quiescence in the unconstitutional behavior of his subordinates. All Defendant(s) such as Dr. Haynes, T. Dowell, and Kilbourne who are of the Multi-Institutional Treatment Team ("MITT") who act as the overseers of all (3) S.D.T.P./I.D.T.P. units, persistently violated a statutory duty to inquire about such and to be responsible for preventing it; failure to train and supervise or an official acquiescence in to continued existence of prison conditions which themselves are a hazard to Plaintiff that they amount to constitutional violation. Plaintiff was secluded under extreme form of isolation for a long period of (8) months and (5) days exact. Placing Plaintiff who suffers from ("SMI") under these inhumane conditions violates the 8th Amendment Because Plaintiff was particularly affected to psychological hardships of such harsh treatment of seclusion. Cited Colon V. Howard, 215 F. 3d 227, 232 (2d Cir. 2000). Cited Madrid at 1264 and Jones El, at 1117. (Stating Courts might consider "evidence of the psychological effects of prolonged confinement in isolation. Plaintiff suffers from a series of multiple mental disabilities that disrupts his daily life significantly. Do to these modalities of the mind, he is a disabled prisoner. Plaintiff is protected by liberty interests under the Due Process Clause 14th Amendment of the U.S. Constitution to reasonably safe living conditions, to be free from unnecessary bodily restraints, and to treatment recommended by a qualified professional to assure these interest. Indeed, isolation

is a form of bodily restraint. _Youngberg V. Romeo,_ 457 US. 307 (1982). The conditions are extremely atypical and significant by comparison to ordinary conditions, there is a state-created liberty interest. Properly named Defendant(s) failed to exercise professional judgement when they persistently failed to implement treatment recommendations by qualified professionals and unnecessarily rely on bodily restraint such as isolation beyond what is necessary, to assure their safety or to provide the proper course of treatment. _Thomas V. Flaherty,_ 699 F. Supp. 1178 (W.D. N.C. 1988), aff'd 902 F. 2d 250 (4th cir. 1990), cert. denied 498 U.S. 951 (1990).

For the following reasons the Defendant(s) Motion to Dismiss must fail.

IV. <u>Plaintiff's Rights Under State Law Create Liberty</u>
   <u>Interests Under The Due Process Clause of The</u>
   <u>14th Amendment</u>

19 - "State law creates liberty interests if it substantially limits official discretion by establishing particularized standards of criteria that governs state decision matters, _Kentucky Dep't of Corr. V. Thompson,_ 490 U.S. 454, 462 (1984), "Liberty interests are created by state law and are Due Process claims under the 14th Amendment" _Thomas S.,_ at 1181, aff'd 902 F. 2d 250 (4th cir. 1990).

20 - Based on the foregoing the Defendant(s) violated Plaintiff clearly established rights under V.C.A. §37.2-400(A) et seq. to be assured his treatment and care [is.] consistent with sound therapeutic treatment" and to retain is legal rights as provided by state and federal law" and "to be treated with dignity and be free from asuse and neglect

[as defined under V.C.A. §37.2-100], and to be treated under the least restrictions such as restrictive conditions and to "not be subjected to unnecessary isolation" and Plaintiff's liberty interests not to be deprived of such under the Due Process Clause of the 14th Amendment.

21- This Court has jurisdiction to hear any state laws cited herein. "State law" may include statues, codes, regulations, official policies and customs. Toussaint V. McCarthy, 801 F. 2d 1080, 1097 (9th cir 1986); and Clark V. Brewer, 776 F. 2d 226, 230 (8th cir. 1985) These rights are embodied in the mandates of the VA. Administrative Code as they are related to or intermeshed with his Federal constitutional claims.

V.   Title 28 U.S.C. A. §1367 Supplemental
     Jurisdiction, Plaintiff Has Stated Validated
     Claims Against Defendant's under the ADA.

22. All Defendant(s) named in this action are "employers" as defined in the ADA, 42 U.S.C. § 12111(5)(a), and as such are liable under ADA for violations thereof.

23- Scotus held that mental illness is a form of disability and "unnecessary isolation" of disabled persons is a form of discrimination on account of disability in violation of ADA, 42 U.S.C. §§ 12101 and 12132. Olmstead V. L.C., 529 U.S. 581 (1999). Animus is not required to state a claim for violating ADA; "only that the officials conduct is discriminatory." id. A disabled person is subject to unnecessary isolation when treating professionals have recommended treatment in a less isolated and restrictive setting or community-based treatment, and such is denied and they are held in a overly restricted living conditions that are contrary.

Plaintiff meets criteria as a person under a disability under ADA, and the Rehabilitation Act of 1983.

Defendant(s) named in this action have a duty to respect Plaintiff's rights under the ADA as per 12 VAC 35-115-60(8)(r).

24- The aforesaid actions and omissions by Defendant(s) to isolate Plaintiff in a less restrictive setting in accordance with recommendations by treating professionals as to the way he is being isolated and restricted during his time of (18) months and (5) days under harsh seclusion of extreme isolation, which constitutes a violations of Plaintiff's right against discrimination on account of disability under ADA and his right to Due Process before being deprived of such under the 14th Amendment to the U.S. Constitution, and is actionable under § 1983 against Defendant(s). Plaintiff states validated claims which he suffered atypical and significant hardships which creates-liberty interest under the 14th Amendment of the U.S.C.A.

VI. Defendant(s) Are Not Entitled To Summary Judgement Or Qualified Immunity.

25- In view of Plaintiff's complaint, the facts and arguments and authorities herein, the attached Exhibits, the concomitant Amended Complaint and exhibits Plaintiff has stated facially plausible claims to relief after all these allegations are accepted as true and after all reasonable factual inferences drawn here from are drawn in his favor in support of his claims entitling him to relief. Edwards V. City of Goldsboro, 178 F. 3d 231, 244 (4th cir. 1999).

26- Defendant(s) have moved for summary judgement and because Plaintiff is unable to leave the prison where he is

17 of 19

confined to question or depose witnesses or to obtain his own expert witnesses summary judgement against Plaintiff would be "premature" and would "railroad" Plaintiff. Celotex Corp. V. Catrett, 477 U.S. 317 (1986). Under Fed.R. Civ. P. 56 (f), summary judgement should not be entered against a non-moving party as Plaintiff who has not had the opportunity to access discovery and where the Court has power to issue "any other just order" to remedy the inherent unfairness to the party subject to adverse summary judgement ruling. Plaintiff attaches a "Motion for Appointment of Counsel" to this Court which would be a "just order" in view of "exceptional circumstances" in this case, viz. the Plaintiff is unable to gather authenticate material fact to negate summary judgement; and because Plaintiff's claims are colorable and he lacks capacity to present them and is unable to afford counsel, cannot obtain counsel pro bono, despite diligent effort; and this case is composed of complex factual and legal issues beyond Plaintiff's ability to litigate, as he is generally uneducated, not a lawyer, not skilled in cross examination. In view of said exceptional circumstances Plaintiff would be prejudiced without counsel, and the Court should appoint or "recruit" counsel to assist Plaintiff in this case. Whisenant V. Yuam, 739 F. 2d 160, 163 (4th cir. 1984); Navejar V. Lyiola, 718 F. 3d 692 (7th cir. 2013).

27- Defendant(s) are not entitled to qualified immunity as the Federal and constitutional rights of Plaintiff afore-mentioned that were violated by the Defendant(s) named in this action were clearly established at the time Defendant(s) violated them and are rights of which a

reasonable person would have known operating under color of state law in the respective capacities in which the Defendant(s) operate. _Harlow V. Fitzgerald, 457 U.S. 800 (1982)._

28 - Moreover, Plaintiff has provided genuine issues of material facts should deny Defendant(s) relief requested and Plaintiff seek a jury trial on all issues triable by jury.

WHEREFORE, Plaintiff pray this Honorable Court enter judgement in his favor against Defendant(s) VA.D.O.C., Harold W. Clarke, David Robinson, Eric Madsen, Carl Manis, Alley Lovell, Dr. Haynes, Berry Honode, T. Dowell, and Kilbourne, jointly and severly in amount of compensatory and punitive damages to be determined by the Court, cost of this suit, and declatory and injunctive relief sought, or any further and other relief that is just, proper and equitable.

Executed on 9th day of January 2021 at
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA. 24219

Petitioner, Pro se
_Angel Cartagena_
Signature

19 of 19



Angel Cartagena #10788

Wallens Ridge State Pri

P.O. Box 759

Big Stone Gap, VA. 2421

U.S. POSTAGE PAID
USPS RETAIL GND
BIG STONE GAP, VA
24219.22
JAN 12
AMOUNT
**$0.00**
R230SK141307-07

1001   24011

US POSTAGE PITNEY BOWES

ZIP 24219   **$ 000.20**
02 4W
0000369381 JAN 12 2022

PARCEL POST

USPS TRACKING® #

9534 6119 1716 2012 3036 62

United States

"Clerk's O

210 Franklin

Roanoke, VA

"Legal Mail"



District Court,
Office,
a Rd., Rm 540,
Z4011-2208

RECEIVED
JAN 1 0 2022
MAILROOM