In The United States District Court
Western District Court of Virginia
Roanoke Division

Motion To Amend Complaint Under Civil Rights Act
42 U.S.C. § 1983.

Angel Cartagena                     Civil Action No. 7:21CV00539
          Plaintiff
     V.
Alley Lovell, ET AL,
          Defendant(s)
Individual and official capacities

I. Jurisdiction And Venue

1- This is a civil action Pursuant to 42 U.S.C. § 1983 to redress
violations under color of state law, and deprivations of rights secured
by the Supreme laws of the land, the United States Constitution of
America. This Court has jurisdiction under 28 U.S.C. § 1331
and 1343 (a)(3). Plaintiff seeks declatory relief Pursuant to 28
U.S.C. § 2201 and 2202 and injunctive relief claims are sought
and authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of
the Federal Rules of Civil Procedures. Action also arises under
the Americans With Disability Act and the Rehabilitation Act of
1973.

2- The Western District of Virginia is appropriate Venue under
28 U.S.C. § (b)(2) because it is where the events giving rise
to these claims occurred.

1 of 16

## II. Plaintiff

3- Plaintiff Angel Cartagena was at the time mentioned herein, in this action an offender of the state of Virginia in the custody of the Virginia Department of Corrections. He is currently being held at Marion Correctional Treatment Center, in Marion, Virginia.

## III. Defendant(s)

4- The Defendants are natural citizens of the Commonwealth of Virginia and were/are at the time of the events alleged herein, employee's of same acting under color of state law, Defendant Alley Lovell, the Director of all (S)ecure Diversionary Treatment Program units within the whole state of Virginia, who is in charge of Plaintiff's care and safety, inter alia. Defendant T. Dowell, who is the Unit Manager of the S.D.T.P. unit, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant B. Konode, who is the Warden of River North Correctional Center, who with others, is in charge of Plaintiff's care and safety inter alia. Defendant Kilbourne who is the Chief of Housing and Programming, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant Dr. Haynes who is the psychiatrist over the S.D.T.P. unit, who with others, is charged with Plaintiff's care and safety, inter alia. Defendant H. Clarke, the Director of the Virginia Department of Corrections, who with others, is in charge of Plaintiff's care and safety, inter alia. Defendant David Robinson, C.C.O. of the Virginia Department of Corrections, who with others, is in charged of Plaintiff's care and safety, inter alia. Defendant Eric Madsen who is in charge of Institutional Classification, who is responsible for housing assignments/transfers of the mentally ill prisoners - as Plaintiff - as well as Plaintiff's care and safety, inter alia. Defendant Carl Manis, who is the Regional Administrator of the Western Region, who with others, is charged with Plaintiff's care and safety, inter alia.

IV. Facts. Plaintiff has been diagnosed and hospitalized for serious mental illnesses since early childhood, since age of (12), although articulate, he suffers from serious mental illnesses ("S.M.I.") Medical records could verify his multiple commitments to mental hospital acute wards for the mentally ill. Plaintiff has a well lengthy documented history of suffering from serious mental disabilities and still continues to suffer do to his mental debilities and has been placed involuntarily by Defendant(s) mentioned herein in the (S)ecure Diversionary Treatment Program ("S.D.T.P.") without a proper judicial order which is absolutely unlawful and unconstitutional. The (S)ecure Diversionary Treatment Program unit is a lisenced psychiatric unit funded by the Federal Government, but it's not being administered correctly by institutional personnel (known as the Multi-Institutional Treatment Team ("MITT") Plaintiff states he is being detained unlawfully against his will during a period of (18) months without a proper judicial order in a lisenced psychiatric unit titled ("Secure Diversionary Treatment Program") On or about the month of Nov. 22, 2019, Plaintiff was detained in the S.D.T.P. unit by the V.A.D.O.C. with specific respects to the authority and approval by Defendant(s) Alley Lovell, Director of (3) S.D.T.P./I.D.T.P. and by Eric Madsen who's in charge of Central Classification Services/ transfer assignment of the seriously mentally ill prisoners. Prior to after being admitted into detention in S.D.T.P., a lisenced psychiatric unit, by Defendant(s) herein who I have mentioned.

5. (1) Was not provided a judicial Due Process hearing for involuntary commitment after not giving consent for mental health treatment, care, services to be detained in (a) (S)ecure psychiatric unit. (2) Provided the notice or right to appeal the detention. (3) Provided the right to attend, make testimony, defend, or provide witnesses against detention; and (4) allowed and denied the opportunity to not participate in mental health treatment, care, and services. Plaintiff states that being detained in a

lisenced psychiatric unit was not part of his sentencing order by the Court that penalized Plaintiff for alleged convicted criminal convictions; nor has any other post-conviction order been issued by any General, Circuit, or Federal Court(s) for involuntary commitment for or sound professional recommendations for detention in a (S)ecure lisence(d) psychiatric facility or unit.

6- At all times mentioned herein, the Defendant(s) Alley Loudl, Director of the S.D.T.P. units of VA.D.O.C., T. Dowell, Unit Manager, of the S.D.T.P. units, A-1 and A-2, Berry Monode, Warden of River North Correctional Center, Dr. Haynes, Psychiatrist of the S.D.T.P. unit, Kilbourne, Chief of Housing and Programming, Harold W. Clarke, Director of VA.D.O.C., David Robinson, C.C.O. of the VA.D.O.C., Eric Madsen, charged with Institutional Classification/transfers, Carl Manis, Regional Administrator for the Western District were put on constructive notice of Plaintiff providing Defendant(s) mentioned herein (60) days to remedy these violations with Due Diligence under color of state law to release Plaintiff from detention of the (S)ecure Diversionary Treatment Program unit into a general population setting which is less restrictive environment which would be deemed suitable and appropriate for Plaintiff's health and safety, but to no avail, failed to do so.

7- All Defendant(s) mentioned herein have actual knowledge of Plaintiff's lengthy well documented history of suffering from ("SMI"). Plaintiff's diagnosed with inter alia, Borderline Personality Disorder, Anti-Social Personality Disorder, Schizo-Affective Disorder, Schizophrenia, Bipolar Disorder Type II. All of these mental disorders are actual diagnosis by Qualified Mental Health Professionals and since the age of (12) has been on psychotropic medicines for his serious mental disabilities.

8- Despite Plaintiff's lengthy well documented history of suffering from ("SMI"), Defendant(s) had placed Plaintiff in one of the most

restrictive units within the VA.D.O.C. which was extremely deleterious to Plaintiff's health and safety, which put him in substantial risk of mental deterioration. Being isolated for a long period of (18) months and (5) days exact was very insalubrious to Plaintiff's mental health and safety.

9- Pursuant to State and Federal policies and regulations, including those set forth and outlined by the Joint Commission Accreditation of Health Care Organization ("JJC") of which (S)ecure Diversionary Treatment Program claims to be compliant with to maintain it's accreditation status to continue to receive Federal funding.

10- Moreover, Isolation is a form of bodily restraint. The Plaintiff was secluded for a long period of (18) months and (5) days exact under harsh conditions of confinement, and sensory deprivation. Such circumstances was devastating to Plaintiff. Lacking physical and social points of reference to ground Plaintiff and others like him into reality itself. Seriously mentally ill prisoners are deprived of things such as personal property. Limiting to (4) phone calls a month. Virginia D.O.C. states that the S.D.T.P. units are a general population, but in the VA. Operating Procedures, it's states that the S.D.T.P. units are a restrictive Housing Unit (segregation). In order to be admitted within the S.D.T.P. unit one must be diagnosed with a serious mental illness, but according to D.O.C. policy those with (SMI") cannot be housed in isolation for no more then 28 days. In this program offenders are never unrestrained, unless offenders are within their cells. Anytime offenders come out their cells, they are fully stripped searched and then placed in handcuffs with a dog leash attached to them and also placed in shackles, then escorted by (2) officers at all times. Anytime offenders come out their cells for programming, which is within the designated area in the pod, offenders are then handcuffed and shackled to tables called (S)ecured Chairs. Whenever offenders have outside recreation, offenders are caged

5 of 16

in segregation recreation cages. If offenders are sent to medical, the offender is handcuffed and shackled, with a dog leash attached to the handcuffs, then to be escorted by (2) officers under segregation restrictive movement. Offenders within the (S)ecure Diversionary Treatment Program unit cannot be anywhere near other offenders outside the S.D.T.P. unit. Offenders are not allowed to attend religious services, this was before the covid epidemic even began. Offenders are not even allowed to have a job. Do to the serious restrictions that the S.D.T.P. unit imposes, Plaintiff suffered from physical and psychological injuries.

11- On 04/24/21 at approximately 1:10 A.M., Plaintiff swallowed a toothpaste tube and electrical wirings in a attempt to end his life by choking. Plaintiff then began cutting himself with a razor deeply in his right forearm. Plaintiff began to cry thinking about his family, he then voiced his suicidal ideation to the officer in the booth who goes by the name of % D. Henderson Jr. % T. Myers, the floor officer came to Plaintiff's cell A-105 and % T. Myers called the supervisor and the nurse. Nurse Sexton arrived and said as she looked at Plaintiff's wound that he needed to go to the hospital to receive sutures. Plaintiff was then taken to the hospital, when Plaintiff arrived at the hospital, he refused medical treatment, then was sent back to the institution ("River North") to then be placed on (5) point restraints. Do to swallowing the foreign objects, Plaintiff was suffering from excruciating pain in his stomach. Later on that night Nurse Sexton was conducting pill call and she approached Plaintiff's cell and Plaintiff stated that he was under alot of pain. Nurse Sexton then called the medical doctor and again, Plaintiff was taken back to the hospital to receive surgury to remove the foreign objects from his stomach. They didn't apply sutures because the wound was open for over (12) hours. Plaintiff suffered grievous physical injuries, as well as psychological injuries.

6 of 16

On 05/26/21 Plaintiff was transferred to a Supermax facility titled, "Wallens Ridge State Prison", which is deemed inappropriate and not suitable for Plaintiff, do to the extreme restrictions that Supermax facilities imposes. Defendant(s) had Plaintiff to be sent to such facility was not a sound recommendation; which put Plaintiff at substantial risk of serious harm. Plaintiff began to suffer from psychosis do to being isolated and he began to display bizzare behavior and became suicidal in which on the date of 08/12/21 he attempted suicide by lacerating his right arm. Plaintiff was then placed on suicide precautions. On 08/19/21 Plaintiff then lacerated his arm again with a razor. Both times he was given sutures. On 08/31/21 Plaintiff was involuntarily commited to Marion Corr. Treatment Center to receive intensive care for his serious mental health needs. Defendant(s) knows that he deteriorates at such Supermax facilities, but disregarded Plaintiff's health and safety by sending him to such Supermax facility.

V. Legal Claims.

12- Plaintiff's right to exercise his religion was denied while being detained within the S.D.T.P. unit unconstitutionally under the First Amendment of the U.S. Constitution, it's every citizens right to practice their faith freely. To prohibit Plaintiff to not allow him to exercise his faith amounts to a violation of his Civil Rights. All Defendant(s) mentioned herein was fully aware of this, but failed to remedy this issue while being illegally detained in the S.D.T.P. unit. Defendant(s) Alley Lovell, T. Dowell, Berry Konode, Dr. Haynes, Kilbourne, Carl Manis, Eric Madsen, Harold W. Clarke, David Robinson acted or failed to act under color of state law and are sued in their individual and official capacities.

13- Defendant(s) acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

14- Plaintiff has been harmed physically and psychologically by the unnecessary use of bodily restraints by keeping the Plaintiff for a long duration of (18) months straight in isolation within the (S)ecure Diversionary Treatment Program unit which is a form of cruel and unusual punishment, a violation of the Eighth Amendment of the U.S. Constitution and also a violation of his Liberty Interest's enshrined under the Fourteenth Amendment of the U.S. Constitution.

15- At all times relevant to the allegations mentioned herein, the Defendant(s) failed horribly to provide the less restrictive environment such as a general population setting. The (S)ecure Diversionary Treatment Program unit imposes to many restrictions, limiting access to daily activities and also limiting personal property.

16- Defendant Dr. Haynes, Psychiatrist of the S.D.T.P. unit failed to provide the less restrictive setting such as a general population. Dr. Haynes is fully aware of this, but continued deliberately and with malice intent to provide adequate care in a less restrictive environment. Dr. Haynes poor decision to keep Plaintiff isolated in the (S)ecure Diversionary Treatment Program unit without a proper judicial order was a violation of his Due Process Right under the Fourteenth Amendment of the U.S. Constitution. This is not the product of a sound professional judgement, and exposed – and continue to expose – Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is a violation of his Eighth Amendment of the U.S. Constitution. As of result said acts and omissions of Dr. Haynes, Plaintiff suffered grievous physical injuries, emotional distress and mental anguish, all attributable to Defendant Dr. Haynes violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive liberty

Interest to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution. Dr. Haynes acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

17- Defendant Carl Manis, the Regional Administrator over the Western Region of VA.D.O.C. is held liable for his subordinates actions of misconduct of injuring the Plaintiff's rights of the U.S. Constitution. Defendant Carl Manis plays a supervisory role over Defendant Alley Lovell, Director of all (S)ecure Diversionary Treatment Program units within the VA.D.O.C. Defendant(s) Carl Manis and Alley Lovell has continuously, consciously and willfully opted to keep Plaintiff in the S.D.T.P. unit knowing fully well that they are in violation by keeping Plaintiff detained in a licensed psychiatric unit without a proper judicial order in violation of his Due Process Rights under the Fourteenth Amendment of the U.S. Constitution.

18- Defendant(s) Carl Manis and Alley Lovell's decision to keep Plaintiff in the S.D.T.P. unit against his own will is not the product of sound professional judgement, and exposed - and continue to expose - Plaintiff to severe mental anguish and emotional distress which amounts to his total disregard to his health and safety. As of result of said acts and omissions of Defendant(s) Carl Manis and Alley Lovell, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, all attributable to Defendant(s) hereinmentioned violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interest to safety, freedom from undue bodily restraints, and to treatment

9 of 16

recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

19. Defendant(s) Carl Manis and Alley Lovell acted or failed to act under color of state law. Defendant(s) Carl Manis and Alley Lovell acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

20. At all times mentioned, Defendant Berry Monode, Warden over River North Correctional Center acted or failed to act under color of state law, so as to deny Plaintiff's treatment for his serious mental health needs in a less restrictive unit or setting such as a general population. Defendant Berry Monode is the head Warden of River North Correctional Center, knowing or quiescence in the in the unconstitutional behavior of his subordinates. All Defendant(s) such as Alley Lovell, T. Dowell, Dr. Haynes, Mr. Hilbourne who are of the Multi-Institutional Treatment Team who act as the overseers of all S.D.T.P./I.D.T.P. units, persistently violated a statutory duty to inquire about such and to be responsible for preventing it; failure to train and supervise or an official acquiescence in the continued existence of prison conditions which themselves are a hazard to Plaintiff that they amount to constitutional violation. Defendant Berry Monode recklessly and with absolute disregard of his duties and policies to permit and allow Defendant(s) Alley Lovell, Dr. Haynes, and Mr. Hilbourne to perform their functions as members of the Multi-Institutional Treatment Team ("MITT") as the overseers of all (3) S.D.T.P. units, knowing fully well of the injuries of Plaintiff's Constitutional Rights to keep Plaintiff continuously with complete disregard in the S.D.T.P. unit without a proper judicial order is truely a violation of Plaintiff's Liberty Interest to be free from all forms of bodily restraints; indeed, isolating him in a lisenced Psychiatric unit or facility involuntarily without his

Consent is truely unlawful. Defendant Berry Honode was on constructive notice and had actual Knowledge of Plaintiff's Constitution being violated.

21- As of result of acts and omissions of Defendant Berry Honode, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to Defendant Berry Honode violating Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended for him by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

22- Defendant Berry Honode acts and omissions establisher a cause of action under 42 U.S.C. §1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit.

23- Defendant(s) T. Dowell, Unit Manager of the S.D.T.P. unit of R.N.C.C. and Mr. Hilbourne, Chief of Housing and Programming are members of the Multi-Institutional Treatment Team, are responsible for Plaintiff's care and safety, but failed to provide the less restrictive environment such as a general population setting. Defendant(s) T. Dowell and Mr. Hilbourne are fully aware of this, but continue to deliberately and intentionally to not provide adequate housing by Keeping him housed in the S.D.T.P. unit against his own will. Defendant(s) T. Dowell and Mr. Hilbourne continued to Keep Plaintiff within the S.D.T.P. unit without a proper judicial order which is a violation of his Due Process Rights. This is not the product of a sound professional judgement; and exposed-and continue to expose-Plaintiff to severe mental anguish and emotional distress which constitutes a callous deliberate indifference to his serious psychiatric needs which is an Eighth Amendment violation of the U.S. Constitution. Defendant(s) T. Dowell and Mr. Hilbourne were put on notice of this unlawful detention. As of results of acts and omissions of Defendant(s) T. Dowell and Mr.

Kilbourne, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, in all attributable to Dowell and Mr. Kilbourne violations of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional under the Fourteenth Amendment of the U.S. Constitution.

24- Defendant(s) T. Dowell and Mr. Kilbourne acts and omissions constitutes a willful, reckless, and conscious disregard of Plaintiff's Constitutional Rights and safety, by which he is entitled to recover monetary relief in the form of compensatory and punitive damages under 42 U.S.C. § 1983 action. Defendant(s) T. Dowell and Mr. Kilbourne failed to act under color of state law and are sued in their individual and official capacities.

25- At all times relevant to the allegations herein, Defendant Eric Madsen who is in charge of Central Classification Services/ and transfers of all ("S M I") offenders acted or failed to act under color of state law, so as to be deliberate indifferent to Plaintiff's serious mental health needs, and consciously indifferent to his substantive Due Process Rights. Defendant Eric Madsen had Plaintiff sent to the (S)ecure Diversionary Treatment Program unit in R.N.C.C. was not the excersise of a professional judgment, caused Plaintiff significant bodily and psychologically injuries, which constitutes a callous deliberate indifference to his serious psychiatric needs, in violation of the Eighth Amendment. San an cruel and unusual punishment; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment recommended by a qualified professional to assure these interests under the Fourteenth Amendment of the U.S. Constitution.

12 of 16

26- Defendant Eric Madsen's acts and omissions were done within the scope of his official employment, and was conduct that violated clearly established statutory or Constitutional Rights of which a reasonable person would have known. Defendant Eric Madsen's acts and omissions establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and cost of this suit. Defendant Eric Madsen failed to act or acted under color of state law and is being sued in his individual and official capacities.

27- At all times relevant to the allegations herein Defendant(s) Harold W. Clarke, Director of the VA.D.O.C., and David Robinson, C.C.O. of the VA.D.O.C. acted or failed to act under color of state law as to deliberate indifferent to Plaintiff's serious mental health needs and consciously indifferent to his substantive Due Process Rights.

28- Defendant Harold W. Clarke, the Director of the VA.D.O.C., has duties under Title 53.1 of the Code of Virginia, to make policies and regulations for all jails and prisons in the VA.D.O.C., and accordance with State and Federal Constitutional laws; is charged with inter alia, with oversight of prisons and prisoner's care and safety.

29- Defendant David Robinson, C.C.O. of the VA.D.O.C. is vested with the duty to make and implement and enforce the VA. Dep't Operating Procedures of the VA.D.O.C., and the policies and regulations generally in compliance with State and Federal Constitutional law pertaining to treatment of prisoners, their care and safety.

30- Defendant(s) Clarke and Robinson's failure to make policies expressly prohibiting Plaintiff in detention in a licensed psychiatric unit titled, (S)ecure Diversionary Treatment Program, without a proper judicial order where Plaintiff is involuntarily housed without his consent. Defendant(s) Clarke

and Robinson acts and omissions violated clearly established statutory or Constitutional Rights of which a reasonable person such as a lay person would have known, and substantially departed from the accepted standards of sound professional judgement so as to violate Plaintiff's Eighth Amendment to be free from cruel and unusual punishment; and Plaintiff's Liberty Interests under the fourteenth Amendment of the U.S. Constitution. Mental illness is a form of disability and isolation that's unnecessary of a disabled person is a form of discrimination on account of disability in violation of the American's With Disability Act ("ADA"), and the Rehabilitation Act of 1973 ("RA"). All Defendant(s) mentioned herein discriminated against Plaintiff by subjecting him to unnecessary isolation when treating professionals recommended treatment in a less restrictive setting-based on treatment; and such was denied. Plaintiff was held (18) months in a unlawful detention in the most restrictive (S)ecured psychiatric unit without a proper judicial order. Failure to remedy Due Diligently by placing him in a more suitable environment with less restrictions was truly unconstitutional. Plaintiff was subjected to cruel and unusual punishment constantly from mental anguish and emotional distress which amounts to a callous deliberate indifference to his serious mental health needs. As of result of said acts and omissions of Defendant(s) Clarke and Robinson, Plaintiff suffered grievous physical injuries, emotional distress, and mental anguish, all attributable to Defendant(s) Clarke and Robinson violation of Plaintiff's interest to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution; and Plaintiff's substantive Liberty Interests to safety, freedom from undue bodily restraints, and to treatment under the fourteenth Amendment of the U.S. Constitution. Defendant(s) Clarke and Robinson acted or failed to act under color of state law. Defendant(s) Clarke and

14 of 16

Robinson are sued in their individual and official capacities.

31- Defendant(s) Clarke and Robinson establishes a cause of action under 42 U.S.C. § 1983 for monetary relief in the form of compensatory and punitive damages and the cost of this suit.

## VI. Grievance Procedure.

32- The Plaintiff has exhausted all available institutional remedies concerning the events, acts and omissions described in this complaint. The complaints, grievances and/or appeals were upheld according to VA. Dept of Corrections Operating Procedures.

## VII. Relief Sought.

33- WHEREFORE, Plaintiff request this Honorable Court to enter judgement in his favor against the above named Defendant(s) in their official and individual capacities in the amount of $80,000 jointly and severally against Defendant(s) Harold W. Clarke, David Robinson, Berry Monde, Eric Madsen, Carl Manis, Alley Lovell, T. Dowell, Kilbourne, and Dr. Haynes, as well as the amount to be determined by the Court for compensatory and punitive damages, together with interests, as well as cost incurred.

34- Plaintiff further moves this Court to enter injunctive relief in the form of an order to enjoin Defendant(s) Harold W. Clarke, David Robinson, Eric Madsen, Carl Manis, Alley Lovell, T. Dowell, Berry Monde, Kilbourne, and Dr. Haynes to never ever again detain him, the Plaintiff in the (S)ecure Diversionary Treatment Program unit ever again.

35- Plaintiff also seeks a jury trial on all issues triable by jury.

36- Plaintiff also seeks all recovery cost of his cost of this suit, and any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted On:
_____ day of _____ 2021

Angel Cortagena
#1078842
Petitioner, Pro se
Marion Correctional Treatment Center
110 Wright St.
Marion, VA. 24354

I solemnly swear under the penalty of perjury
that the aforementioned herein is true and correct
to the very best of all my abilities.

16 of 16

RECEIVED RNCC

RECEIVED RNCC
MAY 19 2020
GRIEVANCE DEPT.

**VIRGINIA DEPARTMENT OF CORRECTIONS**
Informal Complaint

MAY 19 2020

Effective Date: July 1, 2013
Operating Procedure 866.1   Attachment 2

# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink.  Only one issue per Informal Complaint.  Place your complaint in the designated area at your facility.  A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake.  If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cartagena_

Offender Number: _1075842_

Housing Assignment: _A-1 Cell 40_

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): _Multi-Institutional Treatment Team_
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _The S.D.T. Plant is not designed for this S.M.I. It is considered a behavior modification program that is trained and equipped for troublesome and recalcitrant inmates-It is deemed inappropriate and not suitable for those with (S.M.I.) The Multi-Institutional Treatment Team knew fully well my extensive mental health history but failed to take necessary steps to ensure the safety of my mental stability to be housed under these conditions it is truly a violation of my 8th Amend. Rights as well as my 14th Amend. Right of the US. Constitution I must be placed in a appropriate setting such as the S.A.M. unit or (M. Hills)_

Offender Signature: _Angel Cartagena_

Date: _05-17-20_

**Offenders - Do Not Write Below This Line** _05-17-20_

Date Received: _5/19/2020_

Response Due: _6/3/2020_

Tracking # RNCC __20__ INF __00817__

Assigned to: _CHAP_

Action Taken/Response:

The Secure Diversionary Treatment Program is designed with SMI offenders in mind.  Offenders are placed in the Secure Diversionary Treatment Program because they meet the criteria for Serious Mental Illness and they often engage in assaultive, disruptive, and/or unmanageable behaviors. Every effort will be made to manage their behaviors within the units. If the offender continues to endanger others due to assaultive or destructive behavior after other interventions have been tried, including use of restraints or placement in an observation room as set forth in Operating Procedure 420.2, the offender may be reclassified to Restrictive Housing according to Operating Procedure 425.4.

Respondent Signature: _____

Printed Name and Title: _N. BLOUNT_

Date: _5-26-2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint.  I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED RNCC

Regular Grievance 866_F1_4-17

MAY 27 2020

**REGULAR GRIEVANCE**

GRIEVANCE DEPARTMENT

Log Number:
RNCC-20-INF-00817

Cartagena, Angel
Last Name, First

TO78842
Number

A-1
Building

# 40
Cell/Bed Number

Multi-Institutional Treatment Team
Individuals Involved in Incident

05-06-20/ 10:00
Date/ Time of Incident

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) In O.P. 830.5, it states that the S.D.T.P Unit is considered a R.H.U. In fact Mr. Kilbourne stated that S.D.T.P. S.C.O.R.E unit is similar to R.H.U. It is a known fact that this program is designed for highly disruptive recalcitrant offenders. Those with ("SMI") are by policy not to be housed in isolation no longer than 78 days. I was forced against my own will to comply. Because if I didn't, I would be forced to remain under isolation in the S.D.T.P. S.C.O.R.E unit indefinitely. I'm protected by Liberty Interest under the 14th Amendment to be free from all forms of bodily restraints. Indeed, extreme isolation is a form of bodily restraints. I been forced to conform with treatment or else subjected to harsh restrictions such as isolation. All could be proven by the rapid eye.

**What action do you want taken?** I asked to be housed in a correct and suitable setting such as a S.A.M unit or a M.H.U which is less restrictive than this S.D.T.P unit. As well as to be rewarded for damages.

Grievant's Signature: Angel Cartagena          Date: 05-26-20

Warden/Superintendent's Office:

Date Received:

Revision Date: 4/28/17



VIRGINIA
· DEPARTMENT OF CORRECTIONS

**Regular Grievance**866_FI_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during review.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *You have been housed in the SDTP program since 11/20/19. Exceeds 30 days.* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: *5-27-2020*

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: *6/4/20*

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC

VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

MAY 19 2020

**Effective Date: July 1, 2013**
Operating Procedure 866.1   Attachment 2

RECEIVED RNCC
Informal Complaint

MAY 27 2020
GRIEVANCE DEPT.
GRIEVANCE DEPARTMENT

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name _Angel Cartagena_          Offender Number _1078842_          Housing Assignment _A-1 Cell 40_

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): _Multi-Institutional Treatment Team_
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _Do to the extreme restrictions that the S.D.T.?_ _not imposes, it's not allow the blanked religious services. This program with not allow religious services and by denying me of that right is a violation to my 1st Amendment of the US Constitution. I have the very right to exercise my religion and by prohibiting me to do so the federal law that and unconstitutional law that violates the 1st Amendment to the Free of the US. I not allowed to exercise these religions. I ask that I be removed from the S.D.T.? and be placed in a appropriate housing such as the S.A.M.U. or the M.H.U. so I may practice and attend all their religious services. Failure to do so its a violation of my Civil Rights._

Offender Signature _Angel Cartagena_          Date _05-09-20_

**Offenders – Do Not Write Below This Line**

Date Received: _5/19/2020_

Response Due: _6/3/2020_          Assigned to: _CHAP_          Tracking # RNCC _20_ INF _00816_

Action Taken/Response:

Offenders housed in the SCORE unit experience the process of gradual out of cell time for both structured therapeutic and unstructured activities on the unit. As an offender progresses through the program, and from phase to phase, the offender will also experience an increase in social activities. In SCORE, similar to RHU, offenders experience religious services inside their assigned cell; they may contact the chaplain for religious guidance, study materials, and to participate in seasonal activities. As structured social activity increases into the EPIC unit, offenders may attend religious services.

Respondent Signature          Printed Name and Title _A. Combs, NF_          Date _5-22-2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____

Staff Witness Signature: _____   Date: _____

Revision Date: 4/9/12



VIRGINIA
DEPARTMENT OF CORRECTIONS
RECEIVED RNCC

Regular Grievance 866_F1_4-17

MAY 27 2020

GRIEVANCE DEPARTMENT

# REGULAR GRIEVANCE

Log Number:
RNCC-70-INF00816

| Cartagena, Angel | 1078842 | A-1 | #40 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Multi-Institutional Treatment Team | 05-26-20/ 10:00 am |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) S.D.T.P Unit imposes restrictive measures such as bodily restraint known as isolation. In the S.D.T.P. Orientation Handbook states that we could attend religious services on phase II and phase III, which is absolutely untrue. I was held 4 months and 7 days exact and never did I attend religious services because I was denied the right to do so and still am. I have the very right to exercise my faith under the 1st Amend. and by denying me this right is truely unlawful and unconstitutional. On the complaint Mr. Kilbourne stated S.C.O.R.E. unit is similar to R.H.U. In fact in the O.P. 830.5 is states that it is restrictive housing unit. My rights were clearly violated endlessly and still is. The rapid eye never lies. To continuously deny deliberately and intentionally my rights to practice my faith by forcing me to remain in S.D.T.P. unit is truely unlawful.

**What action do you want taken?** To be placed in a appropriate housing unit such as the S.A.M Unit or a M.H.U. As well as to be rewarded for damages.

Grievant's Signature: _Angel Cartagena_    Date: 05-26-20

Warden/Superintendent's Office:

Date Received:

Revision Date: 4/28/17



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance**866-F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | INTAKE: Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue -- resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *You have been* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # *housed in the SDTP at RNCC.* *Since 11/22/19* |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. *Exceeds 30 days.* |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: **5-27-2020**

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _Robert H_____ Date: **6/9/20**

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC

RECEIVED RNCC
VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

MAY 19 2020

GRIEVANCE DEPT.

Effective Date: July 1, 2013
Operating Procedure 866.1    Attachment 2

GRIEVANCE DEPARTMENT

**Informal Complaint**

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cartagena_     Offender Number: _1078842_     Housing Assignment: _A-1 Cell 40_

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other. (Please Specify): _Multi-Institutional Treatment Team_
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _I arrived from R.O.S.P. on 11-27-19 to this institution_
_& the S.D.T.P. Unit against my own will without a I.C.A. Hearing which is a violation_
_of my Federal Due Process. I was forcibly placed in the S.C.O.R.E. Unit and was subjected_
_to remain in isolation conditions, as well as forced to comply with "treatment" "_
_against my own will. Mental Health personnel are fully aware of my extensive mental_
_health history as suffering from (S.M.I.) "& at clearly violated my Civil Rights_
_forcing me to remain in isolation conditions which is extremely deleterious and insalubrious_
_to my mental status which is a violation of my 8th Amend as well as my 14th Amend._

Offender Signature: _Angel Cartagena_     Date: _05-17-20_

**Offenders – Do Not Write Below This Line**

Date Received: _5/19/2020_

Response Due: _6/3/2020_

Tracking #: RNCC _20_ INC _00815_

Assigned to: _CHAP_

Action Taken/Response:

~~Offenders are placed in the Secure Diversionary Treatment Program because they meet the criteria for~~
~~Serious Mental Illness. There are multiple levels of review concerning this placement.~~ The Mental
Health Clinical Supervisor as well as the Regional Operations Chief participate with extensive external
review by a Multi-Institutional Treatment Team. SCORE is not isolation. Offenders are allowed to
~~participate in social groups for recreation, programming, and social activities.~~

Respondent Signature: _[signature]_     Printed Name and Title: _A. Kiel B... RN C._     Date: _5-26-2020_

**WITHDRAWAL OF INFORMAL COMPLAINT:**

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____     Date: _____

Staff Witness Signature: _____     Date: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED RNCC

MAY 27 2020

GRIEVANCE DEPARTMENT

Regular Grievance 866_F1_4-17

# REGULAR GRIEVANCE

Log Number: _____
RNCC-20-INF-00815

| Cartagena, C Angel | 1078842 | A-1 | # 40 |
|---|---|---|---|
| **Last Name, First** | **Number** | **Building** | **Cell/Bed Number** |

| Multi-Intitutional Treatment Team | 05-26-10 10:00 p.m. |
|---|---|
| **Individuals Involved in Incident** | **Date/ Time of Incident** |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) I was placed in S.D.T.P against my own will. I have the very right to refuse treatment, but if I did not comply with such treatment then I would be forced to endure harsh isolation conditions. S.D.T.P. is not a general population setting, in fact, the O.P. states (830.5) that the S.D.T.P unit is Restrictive Housing. Plus by policy, any offender with "(SMI)" is not to be housed in isolation no more than 28 days. I was held in the S.D.T.P S.C.O.R.E Unit 4 months and 7 days exact under extreme isolation conditions. In order to move through the phases one must comply with treatment, if not then one is subjected to be held in isolation in the S.D.T.P S.C.O.R.E Unit indefintely. This is an 8th Amend violation as well as a 14th Amend violation. Ready eye doesn't lie. All can be viewed.

**What action do you want taken?** I ask to be housed in appropriate housing such as a S.A.M Unit or a M.H.U. I also ask to be rewarded for damages

**Grievant's Signature:** C Angel Cartagena     **Date:** 05-26-20

**Warden/Superintendent's Office:** _____

**Date Received:** _____



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance**866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline.*<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *You were transfer* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # *to RNCC on 11/22/2019. Issue exceeds 30 days.* |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: *5-27-2020*

| If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final. |
|---|
| Regional Review of Intake (within 5 working days of receipt) |

| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure.* |
|---|---|
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: *6/9/20*

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 4/28/17*

Dear Regional Ombudsman                    05-28-20.

I have been housed in R.M.C.C. S.D.T.P. Unit exactly 6 months 6 days. The S.D.T.P. Unit imposes many restrictions. Now it's quiete clear that isolation is a form of bodily restraint. Anybody with "(S.M.I.)" is prohibited by policy to be housed in isolation no more then 28 days. I was housed in S.D.T.P. S.C.O.R.E. Unit for 4 months 2 days exactly under extreme isolation before I progressed to the S.D.T.P. E.P.T.C. Unit here in Al.C. As you know the seriously mentally ill do not function properly under harsh circumstances such as isolation. The S.D.T.P. Unit is extremely deleterious and insalubrious to my mental health safety and health. People with "(S.M.I.)" do poorly under these inhumane conditions. The S.D.T.P. Unit is considered a behavior modification program that is trained and equipped to deal with disobediant recalcitrant offenders. Do to the extreme restrictions that the S.D.T.P. Unit imposes, people are not allowed to attend religious services. It is my very right under the U.S. Constitution to exercise my faith and by denying me this very right is considered unlawful and unconstitutional. In the S.D.T.P. Orientation Handbook states that we could attend religious services which is absolutely untrue. On the complaint Mr. Kilbourne stated S.C.O.R.E. Unit which is a phase of the S.D.T.P. Unit is similar to R.H.U. In fact in the O.P. 830.5 clearly states that the S.D.T.P. Unit is considered R.H.U. Anybody who doesn't comply with treatment are forced to remain in the S.D.T.P. S.C.O.R.E. Unit against there own will therefore in order to leave the S.D.T.P. S.C.O.R.E. Unit one must complete treatment against there own will. There are people with "(S.M.I.)" who don't have the camacity...

Sack these Numerous cases of individuals who are absolutely insane who don't have the cognitive skills to comprehend the true nature of reason. This is truly inhumane indeed. If you don't comply with treatment recommended you are forced to remain in total isolation. Under the 14th Amendment anybody with (S.M.I.) are protected by Liberty Interest, to be free from any form of bodily restraints. I meet that criteria. In order to be free from isolation in the S.C.O.R.E. Unit (S.O.T.P.) I was forced to complete programming. Now here in E.P.T.C unit S.O.T.P. I still can't attend religious cruises do to the restrictions S.O.T.P. imposes. I was never given a I.C.A. hearing to be sent here. I was sent here from R.O.S.P on 11-22-19 against my will which clearly violated my Due Process right. This program is illegal. It's very inhumane and it's a total failure. People are suffering and there's nobody that and these afflicted souls in the S.C.O.R.E. (S.O.T.P cun.t) who are forced to remain in isolation conditions because they don't have the mind capacity to function with reason do to there mental disabilities. This is truly unlawful. I investigate these matter, for it's such a pity to see the suffering but who last there minds do to the extreme nature of bodily restraint known as isolation by can't disregard this. This isn't right nor exact. It is wrong and what is right is right. There fore, I place myself on the frontline. To be the voice of these victims who lack the voice to stand up for themselves. This is the reason why I rise for the rights of these victims of this cruelly strict program. For this reason I appeal this decision.

Respectfully Submitted On:

I swear under penalty of perjury     05-28-20.
that the above information is true and     Angel Cartagena #1078992
correct to the best of my ability.

RECEIVED RNCC



VIRGINIA
DEPARTMENT OF CORRECTIONS

AUG 25 2020

GRIEVANCE DEPT

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cardagena_  Offender Number: _1078842_  Housing Assignment: _A-1 Cell 35_

Individuals Involved in Incident: _T. Dowell (Unit Manager of A building)_

Date/ Time of Incident: _____

- [x] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify): _____
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _T. Dowell has constructive knowledge of my well lengthy mental health history. I have been in this program for over 8 months against my own will and without a proper judicial order which is unlawful and unconstitutional. To be subjected to bodily restraint is a form of cruel and unusual punishment. As a (S.M.I.) offender, I'm suppose to be in the less restrictive setting as possible. Yet this program, the S.D.T.P. unit is the most restrictive in the state to be subjected to mental anguish and emotional distress constantly is an irreparable injury_

Offender Signature: _Angel Cardagena_     Date: _Faith to be housed in a proper a S.A unit such as a G.P. setting. 08-24_

**Offenders – Do Not Write Below This Line**

Date Received: _8/25/2020_

Response Due: _9/9/2020_

Action Taken/Response:

Tracking # RNCC- _20_ -INF- _01384_

Assigned to: _UM A_

~~Refer to Informal Complain #RNCC-20-INF-01383.~~

~~These bed assignments are designated for offenders who have been classified as SMI, operates with structured security regulations and procedures, and provides programming and treatment services~~ conducive with evidence based treatment protocols and individualized treatment plans.

Respondent Signature: _A. Kilbourne_

Printed Name and Title: _A. KILBOURNE CHAP_

Date: _9.1.2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____  Date: _____

Staff Witness Signature: _____  Date: _____



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

Regular Grievance 866_FI_4-17

SEP 03 2020 · **REGULAR GRIEVANCE**

GRIEVANCE DEPARTMENT

Log Number: _____
B.N.C.C. -70-INF-01384

| Cortagena, Angel | 1078842 | A-1 | Cell 35 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| T. Dowell, members of the M.I.T.T. | 08-24-20. |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

WHAT IS YOUR COMPLAINT? (Provide information from the informal process: Attach Informal Complaintresponse or other documentation of informal process.) I have been housed in a licensed psychiatric unit titled, "Secure Diversionary Treatment Program," for over 9 months exact without my consent To be involuntarily placed in this unit without a proper judicial order is unlawful and unconstitutional. This unit is the most restrictive unit within the state and I am protected by Liberty Interest to be free from undue bodily restraint. To be subjected to bodily restraint is a form of cruel and unusual punishment which is a violation of the 8th Amendment. As a person with a mental disability I'm suppose to be in the less restrictive environment and by keeping me isolated in a highly restrictive unit is a form of discrimination which is a violation of the Americans With Disability Act. A person with ("SMI") suppose to be in a less restrictive environment, but I'm being subjected to so many restrictions which is causing severe mental anguish and emotional distress.

What action do you want taken? I ask to be placed in a less restrictive setting such as a S.A.M. unit or general population, and to be awarded for damages.

Grievant's Signature: Angel Cortagena   Date: 09·02·20,

Warden/Superintendent's Office: _____

Date Received: _____

Revision Date: 4/28/17



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *You state been* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance #   *9 months. Exceeds 30 days.* |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: *9-3-2020*

| **If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.** | |
|---|---|
| Regional Review of Intake (within 5 working days of receipt) | |
| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure.* |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: *Robert H B*   Date: *9/14-20*

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC   RECEIVED RNCC          RECEIVED RNCC

SEP 03 2020   VIRGINIA 2020            AUG 25 2020       Informal Complaint 866_F3_4-17
DEPARTMENT OF CORRECTIONS

GRIEVANCE DEPARTMENT GRIEVANCE DEPT.   GRIEVANCE DEPT.

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cartagena_     Offender Number: _1078842_     Housing Assignment: _A-1 Cell 35_

Individuals Involved in Incident: _A. Lovell, et al.,_     Date/Time of Incident: _08-24-20, 1_

- [x] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify): _____
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _I arrived at this facility on 11-22-19 from R.O.S.P. without a lawful judicial order and was unlawfully detained in the S.D.T.P. unit for over 8 months. Do to the secure restrictions the S.D.T.P. unit's imposes, I am not allowed to attend religious services which is a violation of my civil rights. In the S.D.T.P. Orientation Handbook clearly states that I we could attend religious services, but it's untrue due to the secure restrictions the S.D.T.P. unit imposes. My religious rights are protected by the First Amendment and by denying me this right it is fundamentally_

Offender Signature: _Angel Cartagena_ Offenders - Do Not Write Below This Line   Date: _08-24-20._

_and unconstitutional._

Date Received: _8/26/2020_

Response Due: _9/9/2020_     Tracking # RNCC- _20_ -INF- _01382_

Action Taken/Response:     Assigned to: _UM A_

Due to COIVD-19 precautions all programming has been suspended since April of 2020. Currently, there are no religious services to attend. This is in place for all offenders.

Respondent Signature: _____  HUMAN SERVICE UNIT WESTERN REGION

Printed Name and Title: _N. Kilburne, CHAP_

Date: _9.1.2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____  Date: _____

Staff Witness Signature: _____  Date: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

RECEIVED

SEP 03 2020

GRIEVANCE DEPARTMENT

# REGULAR GRIEVANCE

Log Number:
B.N.C.C.-20-INF-01382

| Cartagena, Angel | 078842 | A-1 | Cell 35 |
|---|---|---|---|
| **Last Name, First** | **Number** | **Building** | **Cell/Bed Number** |

| A. Lovell et al., M. I. T.T. | 08-24-20 |
|---|---|
| **Individuals Involved in Incident** | **Date/ Time of Incident** |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaint response or other

documentation of informal process.) I arrived here on 11-22-18 from Red Onion involuntarily

without a proper judicial order to be housed against my own will in a licensed

psychiatric unit titled, "Secure Diversionary Treatment Program. Do to the

restrictions the S.D.T.P unit imposes I never could attend religious services,

from 11-22-18 to April 24, 2020 I never attended religious services because

of being deprived by S.D.T.P. unit to not attend religious programs which

is a violation of my 1st Amendment of the U.S.C.A. from 11-22-18 to 03-24-20

I was in isolation called the S.C.O.R.E. unit which is the 1st phase of

the S.D.T.P unit. To force treatment without my consent is truly unlawful

and unconstitutional. I have the very right to refuse treatment, but members of

the M.I.T.T. have violated my c.i.l rights repeatedly by forcing me to remain in

this unit without a proper judicial order which is a violation of my due Process

for 4 months and 2 days I was forced to live in isolation and if I didn't

**What action do you want taken?** Comply with treatment I would be forced to remain in isolation

indefinitely within the S.C.O.R.E unit (R.H.U)

I asked to be placed in a less restrictive housing such as a S.A.M unit

or a mental health unit and to be awarded for damages.

| **Grievant's Signature:** Angel Cartagena | **Date:** 08-02-20. |
|---|---|

**Warden/Superintendent's Office:**

**Date Received:** _____

RECEIVED
SEP 1 2021
OMBUDSMAN SERVICE UNIT
WESTERN REGION

Revision Date: 4/28/17



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline.*<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *No Religious* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # *Services have been held since* |
| ☐ | Inquiry on behalf of other offenders. *COVID-19 started.* |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. *COVID-19 Precautions* |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: **9-3-2020**

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure.* |
|---|---|
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: *Robert H Re* _____ Date: **9/14/20**

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

RECEIVED RNCC

SEP 03 2020

GRIEVANCE DEPARTMENT

RECEIVED RNCC

AUG 25 2020

GRIEVANCE DEPT.

VIRGINIA
DEPARTMENT OF CORRECTIONS

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cartagena_     Offender Number: _1078842_     Housing Assignment: _A-1 Cell 35_

Individuals Involved in Incident: _Dr. Haines (Q.M.H.P.)_     Date/ Time of Incident: _08-24-20_

☐ Unit Manager/Supervisor     ☐ Food Service          ☐ Institutional Program Manager
☐ Personal Property          ☐ Commissary           ☐ Mailroom
☐ Medical Administrator      ☑ Other (Please Specify): _Mental Health Dep't_

Briefly explain the nature of your complaint (be specific): _Dr. Haines is the psychiatrist over the_
_S.D.T.P. Unit and has constructive knowledge of my well lengthy mental health_
_history of suffering from "(SMI)" This unit is designed for recalcitrant_
_offenders. Do to the serious restrictions it imposes, it's putting me at high_
_risk of emotional distress and serious mental anguish. I've been involuntarily_
_forced into this program without lawful judicial order. Do to this, it is_
_unlawful to subject me to this illegal program against my own will. I been_
_this program now going on over 9 months and had suffered severely. I ask to_
_be housed in appropriate setting_

Offender Signature: _Angel Cartagena_     Date: _08-24-20_

_such as a S.A.M. unit or G.P._

**Offenders - Do Not Write Below This Line**

Date Received: _08/25/2020_          Tracking #: _20_ - INF- _01381_

Response Due: _9/9/2020_

Assigned to: _Mental Health_

Action Taken/Response:
_You were referred to the SDT program by the MITT_
_team due to your inability to function in GP. You_
_are free to refuse any and all programming. You_
_do not believes, decide where you are housed._

Respondent Signature: _D. Haines, Psych Senior_     Printed Name and Title: _D. Haines, Psych Senior_     Date: _8/3/2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____     Date: _____

Staff Witness Signature: _____     Date: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

**RECEIVED RNCC**

**SEP 08 2020**

## REGULAR GRIEVANCE

GRIEVANCE DEPARTMENT

Log Number:
*R.N.C.C.-20-INF-01381*

| Last Name, First | Number | Building | Cell/Bed Number |
|---|---|---|---|
| Cartagena) Angel | 1078842 | A-1 | #13 |

Dr. Haynes (psychiatrist) M.I.T.T. et al.,
Individuals Involved in Incident

08-24-20!
Date/ Time of Incident

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaintresponse or other

documentation of informal process.) Dr. Haynes the psychiatrist over the S.D.T.P. was put on
notice of this unlawful detention of being involuntarily committed without a proper
judicial order into the Secure Diversionary Treatment Program. The S.D.T.P
unit imposes to many restrictions and it's putting me at high risk of severe
mental anguish and emotional distress. Dr. Haynes stated on the informal
complaint that I am free to refuse any and all programmings, but if I did
just that I would be placed back into the S.C.O.R.E unit indefinitely
just like the rest of the guys who are trapped their in total isolation. To
enforce treatment against my own will is unlawful and unconstitutional. I'm
protected by Liberty Interest to be safe from all forms of undue bodily restraints indeed
to force me into remaining in the S.D.P unit without my giving consent is a violation
of my due process. To isolate me in the most restrictive unit in the V.A.D.O.C is a form
of discrimination, which is a violation of the Americans with Disability Act.
**What action do you want taken?**

To be placed in a appropriate setting such as a M.H.U. which is less restrictive
or a general population and to be rewarded for damages.

| | | |
|---|---|---|
| Grievant's Signature | Date: 09-04-20 |
| Warden/Superintendent's Office: | |
| Date Received: | |

Revision Date: 4/28/17



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue -- resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *you have been* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # *in & out of the SOTP since arrival* |
| ☐ | Inquiry on behalf of other offenders. *& at RNCC on 11/23/xx* |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____     Date: _9-8-2020_

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
|---|---|
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _Robert A R____     Date: _9-16-20_

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC

**VIRGINIA**

**RECEIVED RNCC**

SEP 08 2020 DEPARTMENT OF CORRECTIONS

AUG 2 5 2020

**Informal Complaint** 866_F3_4-17

GRIEVANCE DEPARTMENT

## Informal Complaint

GRIEVANCE DEPT

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Angel Cartagena _____ 1078842 _____ A-1 Cell 35
Offender Name _____ Offender Number _____ Housing Assignment

A. Lovell (Director of all S.D. T.P. units) 08-24-20
Individuals Involved in Incident _____ Date/ Time of Incident

☑ Unit Manager/Supervisor ☐ Food Service ☐ Institutional Program Manager
☐ Personal Property ☐ Commissary ☐ Mailroom
☐ Medical Administrator ☐ Other (Please Specify): _____

Briefly explain the nature of your complaint (be specific): A. Lovell has constructive knowledge of my very well lengthy mental health history of suffering from "(S.M.I.)", but fails to take the necessary steps to place me in appropriate housing such as a S.A.M. unit or G.P. setting. Do to the serious rift S.D.T.P. imposes on my health and safety do to the isolation and restrictions of the S.D.T.P. setting, it's extremely deleterious to my well being. I've stated to A. Lovell that I suffer severely from emotional distress and mental anguish, so that is to release me from this unlawful detention, which is a violation of my Civil Right.

Angel Cartagena _____
Offender Signature _____ Date 08-24-20.

Angel Cartagena   **Offenders - Do Not Write Below This Line**

Date Received: 8/25/2020 _____ Tracking # RNCC- 20 -INF- 01383
Response Due: 9/9/2020 _____ Assigned to: UM A
Action Taken/Response:

~~The process of being assigned to the Diversionary Treatment Program is a Multi-Institutional Treatment~~ Team decision. Once criteria for SMI are met, the offender is further reviewed to determine the appropriate SDTP program of housing and treatment to best meet the offender's needs. You have been assigned to the program because you meet the criteria and are a Seriously Mentally Ill (SMI) offender.

A. K.b. _____ R. KILBURN C. NAU _____ 9-1-2020
Respondent Signature _____ Printed Name and Title _____ Date

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

Regular Grievance 866_FI_4-17

RECEIVED RNCC

SEP 08 2020

## REGULAR GRIEVANCE

GRIEVANCE DEPARTMENT

Log Number:
R.N.C.C.-20-INF-0138

| Cartagena, Angel | 1078842 | A-1 | #35 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Alley Lovell (Multi-Institutional Treatment Team) | 08-24-20 1 |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) Alley Lovell has constructive knowledge of my well lengthy documented mental health history of suffering from "(SMI)" but failed to take the necessary steps to have me placed in a appropriate setting such as a general population or a M.U.U. The S.U.T. P. unit impose too many restrictions causing me mental anguish and emotional distress. I er stated to her that it is unconstitutional to force me into complying with the program. I was involuntarily committed here without a proper judicial order which is a violation of my Due Process. I m protected by Liberty Interest to be free from undue bodily restraint, indeed forcing me to edure these harsh conditions in a very restrictive environment is a form of cruel and unusual punishment. to be subjected to this constantly is a form of discrimination which is a violation of the A.D.A., for I am a person who suffers from mental illness, A person with disability suppose to be in a less restrictive setting that D.O.C. has to offer such as a general population or a Mental Health Unit.

**What action do you want taken?** To be placed in a M.Hill or a general population, to be in a less restrictive setting and environment. Also to be awarded for damages.

Grievant's Signature: Angel Cartagena    Date: 09-02-20

Warden/Superintendent's Office: _____

Date Received: _____



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance**866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance.  You must submit your grievance within 30 days from the date of occurrence or discovery of incident.  Only one issue per grievance will be addressed.  Write your issue only in the space provided on the grievance form, preferably in ink.  Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable.  This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure.  You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☑ | Does not affect you personally (This issue did not cause you personal loss or harm)  *Issue with Mrs. Allo* |
| ☐ | Limited.  You have been limited by the Warden/Superintendent  *Lovell cannot be addressed* |
| ☐ | More than one issue – resubmit with only one issue  *by RNCC.* |
| ☐ | Expired Filing Period.  Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances:  1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive.  This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions.  Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language.  YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy.  You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution.  This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure.  You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical).  You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☑ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____         Date:  9-3-250

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision.  The Regional Ombudsman's decision is final.**

| | Regional Review of Intake (within 5 working days of receipt) |
|---|---|
| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____         Date:  9-16-20

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance.  I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____         Date: _____

Staff Witness: _____         Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC

RECEIVED RNCC VIRGINIA
DEPARTMENT OF CORRECTIONS

AUG 25 2020

GRIEVANCE DEPT.

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Angel Cartagena_   Offender Number: _1078842_   Housing Assignment: _A-1 Cell 35_

Individuals Involved in Incident: _T. Dowell (Unit Manager of A building)_   Date/ Time of Incident: _____

- [✓] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify): _____
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): _T. Dowell has constructive + knowledge of my well lengthy mental health history. I have been in this program for over 8 months against my own will and wish to proper judicial order which is unlawful and unconstitutional, to be subjected to bodily restraint is a form of cruel and unusual punishment. As a ("S.M.I") offender, I'm suppose to be in the less restrictive setting as possible, but this program, the S.D.T.P. unit is the most restrictive in the state to be subjected to mental anguish and emotional distress constantly is an irreparable injury._

Offender Signature: _Angel Cartagena_   Date: _____

_Failing to be housed in a prog. unit such as a G.P. setting, a S.M. unit, 08-24-_

**Offenders - Do Not Write Below This Line**

Date Received: _8/26/2020_   Tracking # RNCC- _20_ -INF- _01384_

Response Due: _9/9/2020_   Assigned to: _UM A_

Action Taken/Response:

Refer to Informal Complain #RNCC-20-INF-01383.

These bed assignments are designated for offenders who have been classified as SMI, operates with structured security regulations and procedures, and provides programming and treatment services conducive with evidence based treatment protocols and individualized treatment plans.

Respondent Signature: _A. Kilbourn_   Printed Name and Title: _A. Kilbourn CHAP_   Date: _9.1.2020_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____

Staff Witness Signature: _____   Date: _____



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

RECEIVED RNCC

SEP 08 2020

## REGULAR GRIEVANCE

GRIEVANCE DEPARTMENT

Log Number: _____
*B.N.CC.-20-INF-01384*

| Cartagena, C Angel | 1078842 | A-1 | #35 |
|---|---|---|---|
| Last Name/First | Number | Building | Cell/Bed Number |

| T. Dowell (Multi-Institutional Treatment Team) | 08-24-20. 1 |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

WHAT IS YOUR COMPLAINT? (Provide information from the informal process: Attach Informal Complaintresponse or other documentation of informal process.) The Multi-Institutional Treatment team such as T. Dowell and Kilbourne have constructive knowledge of my well lengthy documented mental health history of suffering from ("SMI") I have been in this licenced psychiatric unit for over 9 months without a paper judicial order which is a violation of my Federal Due Process. To be subjected to bodily restraint do to the severe restrictions the S.D.T.P unit imposes is a violation of my 8th Amendment and my 14th Amendment of the U.S.C.A. I'm protected by liberty interest to be free from undue bodily restraint. As a person with a serious mental disability, I'm suppose to be in the less restrictive setting and by forcing me to remain under the most restrictions is a form of discrimination; which is a violation of the Americans With Disability Act. Kilbourne stated that the ("SMI") a (SMI) "offender is suppose to be in less restrictive setting and by forcing me to remain in this program without a paper judicial order is truely unlawful.

What action do you want taken? To be placed in a proper setting such as a general population or a Mental Health Unit and to be awarded for damages.

| Grievant's Signature C Angel Cartagena | Date: 09-02-20 |
|---|---|

Warden/Superintendent's Office: _____

Date Received: _____

1 of 2

Revision Date: 4/28/17



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_FI_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| INTAKE: | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☑ | Does not affect you personally (This issue did not cause you personal loss or harm) *You are housed proper* |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _~~S-A/M~~_ Date: _9-8-2020_

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _Robert A Bis_ Date: _9-16-20_

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

Revision Date: 4/28/17

RECEIVED RNCC

SEP 03 2020

GRIEVANCE DEPARTMENT OF CORRECTIONS

VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED RNCC

AUG 25 2020

GRIEVANCE DEPT

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: Angel Cartagena

Offender Number: 1078842

Housing Assignment: A-1 Cell 35

Individuals Involved in Incident: Warden B. Kanode

Date/ Time of Incident: 08-24-201

☐ Unit Manager/Supervisor
☐ Personal Property
☐ Medical Administrator

☐ Food Service
☐ Commissary
☑ Other (Please Specify): Warden B. Kanode

☐ Institutional Program Manager
☐ Mailroom

Briefly explain the nature of your complaint (be specific): Warden B. Kanode has actual knowledge of this unlawful program which is subjecting individuals like me with (S.M.I.) to involuntarily psychiatric treatment and care without a proper mental health programming without a judge's consent is unconstitutional indeed. I ask Warden B. Kanode to place me in appropriate housing such as a S.M.I. center for S.I. settings. As a (S.M.I.) offender, I must be in a less restrictive setting per the U.S.C.A. and by housing me in S.I. it is putting me in such acute setting per mental deterioration

Offender Signature: Angel Cartagena

Date: 08-24-20.

**Offenders – Do Not Write Below This Line**

Date Received: 8/25/2020

Response Due: 9/9/2020

Action Taken/Response:

Tracking # RNCC- 20 -INF- 01385

Assigned to: VMA

Refer to Informal Complain #RNCC-20-INF-01383.

Refer to Informal Complaint #RNCC-20-INF-01384.

Warden Kanode is not an active member of the MITT.

Respondent Signature:

Printed Name and Title: A. Kilburt CNAP

Date: 9/1/2020

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____

RECEIVED RNCC

VIRGINIA

RECEIVED RNCC

SEP 18 2020 DEPARTMENT OF CORRECTIONS

AUG 25 2020

**Informal Complaint** 866_F3_4-17

GRIEVANCE DEPARTMENT

**Informal Complaint**

GRIEVANCE DEPT

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

| Offender Name | Offender Number | Housing Assignment |
|---|---|---|
| Angel Cartagena, | 1078842 | A-1 Cell 35 |

Individuals Involved in Incident: A. Lovell (Director of all S.D.T.P. units) 08-24-20

Date/ Time of Incident

☑ Unit Manager/Supervisor
☐ Personal Property
☐ Medical Administrator

☐ Food Service
☐ Commissary
☐ Other (Please Specify):

☐ Institutional Program Manager
☐ Mailroom

Briefly explain the nature of your complaint (be specific): A Lovell has constructive knowledge of my very well lengthy mental health history of suffering from "(S.M.I)" but fails to take the necessary steps to place me in appropriate housing such as a S.A.M unit or G.P. setting. Do to the serious risk S.D.T.P. imposes on my health and safety do to the isolation and restrictions of the S.D.T.P. setting. It's extremely deleterious to my well being. I've stated to A. Lovell that I suffer severely from emotional distress and mental anguish, but fails to release me from this unlawful detention which is a violation of my civil Right

Offender Signature: Angel Cartagena         Date: 08-24-20.

**Offenders – Do Not Write Below This Line**

Date Received: 8/25/2020

Response Due: 9/9/2020

Action Taken/Response:

Tracking # RNCC- 20 -INF- 01383

Assigned to: VM A

~~The process of being assigned to the Diversionary Treatment Program is a Multi-Institutional Treatment Team decision.~~ Once criteria for SMI are met, the offender is further reviewed to determine the appropriate SDTP program of housing and treatment to best meet the offender's needs. You have been assigned to the program because you meet the criteria and are a Seriously Mentally Ill (SMI) offender.

Respondent Signature: [signature]

Printed Name and Title: A. Kilburne C HA/A

Date: 9-1-2020

**WITHDRAWAL OF INFORMAL COMPLAINT:**

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____     Date: _____

Staff Witness Signature: _____     Date: _____



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED RNCC

**Regular Grievance** 866_F1_4-17

SEP 0 8 2020                    **REGULAR GRIEVANCE**

GRIEVANCE DEPARTMENT

Log Number:
R.N.C.C.-20-1NF-0138

| Cartagena, Angel | 1078842 | A-1 | #35 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Alley Lovell (Multi-Institutional Treatment Team) | 08-24-20 1 |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaint response or other documentation of informal process.) Alley Lovell has constructive knowledge of my well lengthy documented mental health history of suffering from "(SMI)", but failed to take the necessary steps to have me placed in a appropriate setting such as a general population or a M.H.U. The S.D.T. P. unit imposes to many restrictions causing me mental anguish and emotional distress. I've stated to her that it is unconstitutional to force me into complying with the program. I was involuntarily committed here without a proper judicial order which is a violation of my Due Process. I'm protected by Liberty Interest to be free from undue bodily restraint, indeed forcing me to endure these harsh conditions in a very restrictive environment is a form of cruel and unusual punishment. To be subjected to this constantly is a form of discrimination which is a violation of the A.D.A, for I am a person who suffers from a disability. A person with disability suppose to be in a less restrictive setting that D.O.C. has to offer such as a general population or a Mental Healthe Unit.

**What action do you want taken?** To be placed in a M.H.U or a general population, to be in a less restrictive setting and environment. Also to be awarded for the damages.

Grievant's Signature: Angel Cartagena                    Date: 09-02-20

Warden/Superintendent's Office:

Date Received:

Revision Date: 4/28/17



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

**Regular Grievance**866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☑ | Does not affect you personally (This issue did not cause you personal loss or harm)   *Issue with Mrs. Allen* |
| ☐ | Limited. You have been limited by the Warden/Superintendent   *Lovell cannot be adopted and by ANCC.* |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☑ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: _9-9-20__

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure.* |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 4/28/17*

RECEIVED RNCC

RECEIVED RNCC

Virginia DEPARTMENT OF CORRECTIONS
Informal Complaint

MAY 19 2020

MAY 27 2020

GRIEVANCE DEPT

Effective Date: July 1, 2013
Operating Procedure 866.1   Attachment 2

GRIEVANCE DEPARTMENT

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Angel Cartagena

| Offender Name | 1078842 | A·1 Cell 40 |
|---|---|---|
| | Offender Number | Housing Assignment |

☐ Unit Manager/Supervisor ☐ Food Service ☑ Treatment Program Supervisor
☐ Personal Property ☐ Commissary ☐ Mailroom
☐ Medical Administrator ☐ Other (Please Specify):

Briefly explain the nature of your complaint (be specific): The SDTP Unit known as E.P.T.C Unit is (A.1)
in violation of my 1st Amendment Right do to not providing prayer oils which is
very essential to practice my religious faith. Bottom Tier known as E.P.T.C
it provides prayer oils which an offender could purchase, but E.P.T.C.I Top Tier
doesn't have the prayer oils on the commissary list which is truly a violation of
my religious rights under the 1st Amendment. I ask if it's possible for E.P.T.C
Top Tier could be provided with oils in order to practice my faith? This is a serious
issue because I'm in need of such oils to practice my religion. This is a form of discrimination

Angel Cartagena

Offenders – Do Not Write Below This Line

Date which is also a violation of my 14th Amend
right under the U.S Constitution. 05-17-20

Date Received: 5/19/2020

Response Due: 6/3/2020

Action Taken/Response:

Tracking # RNCC ____ 20 ____ INF ____ 00818

Assigned to: CHAP

PLEASE REFER TO RNCC-20-INF-00816

| Respondent Signature | Printed Name and Title | 5-26-2020 |
|---|---|---|
| | | Date |

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F(_4-17

RECEIVED RNCC

MAY 27 2020

**REGULAR GRIEVANCE**

GRIEVANCE DEPARTMENT

Log Number: _RNCC-20-INF-00818_

| | | | |
|---|---|---|---|
| Cartagena, Angel | 1078842 | A-1 | #40 |
| Last Name, First | Number | Building | Cell/Bed Number |

Multi-Institutional Treatment Team
Individuals Involved in Incident

05-26-20 / 10:40 pm.
Date/ Time of Incident

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) _The S.P.T.P. E.P.I.C. Unit is in violation of my Civil Rights do to not providing prayer oils which is very essential for my rituals and ceremonies of my religious faith. Bottom Tier known as E.P.I.C. II sales them on commissary but do to some mishap, the top tier known as E.P.I.C. I doesn't have them on the commissary list which is a form of discrimination, also a violation of my 1st Amend. of the U.S Constitution. I have the very right to exercising my faith and by not providing the materials and resources of my religious needs is truly unlawful and unconstitutional. Mr. Kilbourne refused to RNCC-20-INF-00816. In fact this is a seperate issue. This isn't repetative._

**What action do you want taken?** _I ask to be provided with prayer oils that I may purchase through commissary. May they add the prayer oils for the top tier in S.P.T.P. E.P.I.C. Unit on commissary. This would be a grateful solution for this mishap._

Grievant's Signature: _Angel Cartagena_                    Date: _05-26-20_
Warden/Superintendent's Office: _____
Date Received: _____

1 of 2

Revision Date: 4/28/17



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☑ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: *Attach Informal Complaint RNCC-20-INF-00* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: **5-27-2020**

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____ Date: **6/9/20**

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

*Revision Date: 4/28/17*

I

Dear Regional Administrator                                    Sept.03.2020

I'm appealing this decision about how my constitutional rights have been injured. I arrived here from B.O.S.P. on Nov.22, 2019 involuntarily without a proper judicial order and without my consent to be housed against my own will in a licensed psychiatric unit titled, "Secure Diversionary Treatment Program. Do to the restrictions the S.D.T.P unit imposes I never attended religious services. Now from 11-22-19 to 03-24-20, which is 4 months and 2 days, I never could attend religious services do to the restrictions the S.D.T.P. unit imposes. Now the pandemic started in April. That's when they stopped all gatherings such as D.C.E. and religious services. I was deprived of religious activities for over 4 months which is a violation of my 1st Amendment of the U.S.C. A.S.D.T.P. states that we are allowed to attend religious services on phase II and III which is totally untrue. From 11-22-19 to 03-24-20 I was in isolation called the S.C.O.R.E unit which is the begining phase of the S.D.T.P unit. To force treatment without my consent is unlawful. If I didn't comply with treatment and services I would still be held in the S.C.O.R.E. unit indefinitely. The S.D.T.P S.C.O.R.E. unit is isolation. In fact in the Operating Procedures 830.5 states that it is a Restrictive Housing Unit. I have the very right to refuse treatment, but members of the M.I.T.T. have violated my civil rights repeatedly by forcing me to remain in this unit without a proper judicial order which is a violation of my Due Process. For four months and two days I was forced to live in isolation and if I didn't comply with said treatment I would be forced to remain in isolation conditions indefinite within the S.C.O.R.E unit (B.H.U.) I have been housed in the S.C.O.R.E. unit for over 9 months in a unconstitutional and unlawful detention. This unit is the most restrictive unit within the state and I'm protected Liberty Interest to be free from undue Bodily restraints. To be subjected to unnecessary isolation is a form of cruel and unusual

II

punishment which is an 8th Amendment violation of the U.S.C.A. As a person with mental disabilities, I'm suppose to be in a less restrictive environment and by keeping me isolated in a highly restrictive setting is a form of discrimination which is a violation of the A.D.A. A person with a mental disability suppose to be in a less restrictive environment, but I'm being subjected to so many restrictions which is causing me severe mental anguish and emotional distress. Now as this grievance, institutional ombudsman stated that I exceed 30 days. How is that when I'm still in this unlawful detention within the S.D.T.? unit? There are people who didn't comply with said treatment who been isolated in the S.C.O.R.E. unit for over years in the extreme conditions of isolation. This is a serious matter. Furthermore, I hope you may aid me on this very important matter, for I have no further recourse.

Respectfully Submitted On:
09-03-20. Angel Cartagena 1078842
River North Corr. Center
329 Dellbrook Lane
Independence, VA. 24348

RECEIVED
SEP 14 2020
OMBUDSMAN SERVICE UNIT
WESTERN REGION